WESTRIDGE VILLA APARTMENTS et al., Appellants,

v.

LAKEWOOD BANK AND TRUST COMPANY, Appellee.

No. 16984.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 7, 1969.

Rehearing Denied March 21, 1969.

Gladden & Cook, and Dan Curlee, Fort Worth, for appellant, Westridge Villa Apartments.

Christopher & Bailey, and Sheridan E. Taylor, Fort Worth, for appellant, Alliance Capital Corp.

Storey, Armstrong & Steger, and Robert S. Addison, Dallas, for appellee, Lakewood Bank and Trust Co.

## OPINION

LANGDON, Justice.

On July 25, 1967, the plaintiff, Lakewood Bank and Trust Company, filed its original application for writ of garnishment in Dallas County, Texas, against the defendant, Westridge Villa Apartments, alleging that Lakewood Bank and Trust Company had a suit pending against one Roger Smith for a debt of approximately $32,-000.00, plus interest and costs, and that the garnishee, Westridge Villa Apartments, was indebted to or had in its possession effects belonging to the said Roger Smith. The garnishee, Westridge Villa Apartments, filed its answer, which was controverted by appellee. Certified copies of the pleadings were filed in compliance with Article 4096, Vernon's Ann.Tex.St., in the 96th District Court of Tarrant County, the residence of appellant, the primary defendant, and the latter filed its first supplemental answer.

The garnishment proceeding was regularly set and duly called to trial on March 7, 1968. All parties and their attorneys appeared and announced ready for trial.

On such date Lakewood Bank and Trust Company and Westridge Villa Apartments, the only parties to the suit, through their attorneys, announced to the court that although it appeared a settlement had been reached, the parties desired to enter into certain stipulations. The attorneys then in open court in the presence of all parties dictated the following stipulation into the record of the court:

"First, it would be stipulated that final judgment was entered in cause No. 67–705–G, styled Lakewood Bank and Trust Company vs. John D. Godwin and Roger Smith in the 134d Judicial District Court, Dallas County, Texas on July 28th 1967, such judgment being against Roger Smith, in the total sum of $39,000.53, plus interest and cost.

"1. That such suit was pending on the 25th day of July, 1967, that such judgment is final, is unpaid except as to $400.00 which has been paid thereon; that the judgment and claim is still unpaid and is still owned by Lakewood Bank and Trust Company and there has been no appeal from that judgment and that same is now final as against Roger Smith, as a matter of law.

"2. That Lakewood Bank and Trust Company filed application for writ of garnishment against defendants in this case, Westridge Villa Apartments, a Trust, on July 25, 1967.

"3. That writs of garnishment were served upon the defendants by service upon each of the Trustees of the Trust, on July 25th, 1967.

"4. That on July 26, 1967 funds payable to Roger Smith and Company in the approximate amount of $54,000.00 came into the possession of the defendant.

"5. That Roger Smith and Company is not incorporated and is legally the same person as Roger Smith against whom plaintiff holds the above described judgment referred to in paragraph 1, above."

The stipulations entered into by the parties and dictated into the record, without any objection thereto, on March 7, 1968, constituted the only proceedings had in the court on that date and conformed with the provisions of Rule 11, Texas Rules of Civil Procedure.

On March 29, 1968, some 22 days after the March 7 proceedings, Alliance Capital Corporation filed its petition of intervention, asserting an interest in the garnishment proceedings because funds previously paid to it by the defendant, Westridge Villa Apartments, were the same funds the plaintiff, Lakewood Bank and Trust Company, was attempting to garnishee. The defendant, Westridge Villa Apartments, filed a motion to withdraw stipulations and to deny judgment to plaintiff on stipulated fact on the same date, March 29, 1968.

On April 2, 1968, the plaintiff, Lakewood Bank, filed a motion to strike Alliance Capital Corporation's petition of intervention and a motion for judgment in its original garnishment proceeding.

On April 2, 1968, a hearing was held on Alliance Capital Corporation's petition of intervention, the plaintiff's motion to strike such petition of intervention, the defendant Westridge Villa Apartments' motion to withdraw stipulations and to deny judgment to plaintiff, and the plaintiff's motion for judgment. Evidence was taken by the court at such hearing. All parties were given ample opportunity to present any and all evidence on the matters presented.

On April 3, 1968, the trial court entered a judgment striking the petition of intervention of Alliance Capital Corporation, denying the defendant Westridge Villa Apartments' motion to withdraw stipulations and to deny judgment, overruling the motions for continuance, and granting judgment to plaintiff against Westridge Villa Apartments in the sum of $39,000.53, plus interest. From this judgment the defendant, Westridge Villa Apartments, a trust, and the intervenor, Alliance Capital Corporation, appealed. Westridge sets

forth two points of alleged error as follows:

1. That the trial court's judgment cannot stand as a "consent judgment," and

2. That the pleadings and stipulations will not support the trial court's judgment as a matter of law.

The intervenor sets forth one point of error.

We affirm.

■ The appellee has not at any time alleged that this is a "consent judgment" case and does not on this appeal urge any such contention. Motions to deny judgment were filed and an extended hearing was conducted before the trial court entered its judgment which was "approved as to form" by the appellant. It is apparent that the judgment entered was not a "consent judgment" but was one rendered by the court based upon stipulations of the parties to the suit. The authorities cited by the appellant involving agreements to enter a certain judgment have no application to the facts of this case. Here we are concerned with stipulations of certain facts which were freely dictated into the record of the court in the presence of all parties and their attorneys without any objections being made thereto or any request for additional stipulations. Such stipulations would have been unnecessary had a consent judgment been intended. The appellant recognized this when it directed its motion to deny judgment to "a judgment on the stipulated facts stipulated in the record of March 7, 1968 * * *." Appellant has raised the question of a "consent judgment" for the first time on this appeal which comes too late. Further, in our opinion the contention is without merit.

In connection with its second and last point the appellant contends that the judgment of the trial court fails to dispose of all issues presented and thus as a matter of law cannot stand.

Such undisposed of issues, their materiality and in what way failure to dispose of them may be harmful to the appellant is not set out. Rule 434, T.R.C.P.

The single specific issue referred to by appellant in the trial court is contained in its motion to deny judgment as follows:

"That these stipulations even if proper would not dispose of the issue of a good faith payout of funds on July 31, 1967, and that therefore the defendant is entitled to present evidence in connection with this affirmative defense."

■ Appellant has not presented this court with findings of fact or conclusions of law, nor has it perfected a bill of exception to show what evidence would have been presented as to any specified undisposed of issues. (Rule 372, T.R.C.P.). We have not been cited any authority holding that "good faith" is a defense to the voluntary payment of garnished funds. The established rule in Texas is that a garnishee cannot after service of process prejudice the rights of a plaintiff in a lawsuit and if he transfers during the pendency of the garnishment any of the indebtedness belonging to the defendant in the suit, he does so at his peril. Pure Oil Co. v. Walsh-Woldert Motor Co., 36 S.W. 2d 802 (Texarkana Civ.App., 1931, writ dism.).

The trial court's final judgment is amply supported by the stipulations entered of record in open court in the presence of all parties and their attorneys pursuant to Rule 11, T.R.C.P. The stipulations are clear and unambiguous. The parties were present for their day in court. Each had full opportunity to present any and all issues, evidence or other matters of their choosing.

Appellant has never complained of the validity of the stipulations as a whole. In its "Motion to Withdraw Stipulation and to Deny Judgment to Plaintiff on Stipulated Facts" it "prays" the court to withdraw the stipulation " * * * that Roger Smith and Company is legally the same as

895

Roger Smith, an individual, * * *." (A portion of Stipulation No. 5 above set out.)

The appellant has failed to show or to allege good cause why this stipulation should have been withdrawn. There is no allegation of fraud, mistake, lack of consent, or other reason constituting good cause.

"The modification or rescission of a stipulation rests in the discretion of the trial court and is not reviewable on appeal in the absence of an abuse of that discretion. Good cause must be shown for setting aside a stipulation, * * *." 53 Tex.Jur.2d, § 26, p. 348. In § 27, p. 350 of the same text it is stated:

"As a general rule, a valid stipulation binds the court as well as the parties. Stipulations are favored as expediting litigation, and appellate courts, as well as the trial court, will generally uphold the agreements, unless good cause is shown for rejecting them." See also Early v. Burns, 142 S.W.2d 260 (Beaumont Civ.App., 1940, writ ref.).

The fact contained in Stipulation No. 5 is a simple fact as to whether or not an individual is operating a business under an assumed name and is, therefore, one and the same.

■ Appellant argues that the stipulations terminated under their own terms. This contention is based on the clause "subject to a tentative settlement." It seems readily apparent that had the anticipated settlement been consummated the stipulations would have been wholly unnecessary. Thus, it appears clear that the stipulations were before the court if settlement failed.

■ The trial court correctly performed its function of construing and interpreting the instrument as unambiguous, and in favor of its validity. Viewing the evidence in the light most favorable to upholding the court's judgment, we find no abuse of discretion.

The intervenor under its single point of error argues that (1) it has a vital interest in the garnishment proceeding, and (2) it timely filed its petition of intervention.

It is undisputed that intervenor had knowledge of this pending litigation from its inception eight months before it made any effort to intervene.

McDonald's Texas Civil Practice, Vol. 1, § 3.48–B, "Time for Intervention," states at page 398: "The intervention must be timely. The intervenor should file his pleading as promptly as possible. Intervention should not be allowed where it will delay the principal suit, unless the intervenor can demonstrate facts which justify his tardiness in coming forward." See also 37 A.L.R.2d 1306, entitled "Time within which right to intervene may be exercised."

It is also well settled that the trial court has a wide discretion in judging the sufficiency of an opposing party's motion to dismiss an intervenor. 44 Tex.Jur.2d 192, § 41.

■ Testimony reflects that at the time the check payable to The Roger Smith and Co., Inc., and Alliance Capital was delivered to intervenor, it had full and complete knowledge of appellee's pending garnishment suit. The check referred to was dated July 26, 1967, and paid July 31, 1967. Thus, it is without dispute that the intervenor had knowledge of appellee's pending garnishment for at least eight months prior to its attempt to intervene. There is no evidence presented by intervenor to explain this delay. The secretary-treasurer of Alliance Capital Corporation was unable to explain why the intervenor did not seek to intervene until after the case had been called to trial. It appears clear from the evidence and authorities that intervenor's petition was not timely filed and that the trial court was correct in granting appellee's motion to strike the petition of intervention.

**896**

We next consider the question of intervenor's "interest" in this controverted garnishment action. The appellee is seeking to establish personal liability against appellant for the improper disposition of funds which were garnished. It is not alleging that appellant still has these funds or that they are within the court's jurisdiction. It is clearly established under this record that appellant no longer has the funds and that such funds are not under the control of the court. The intervenor is not an indispensable or necessary party. Barnett & Record Co. v. Fall, 62 Tex.Civ. App. 391, 131 S.W. 644 (1910, no writ hist.). The intervenor at best is a proper party subject to the court's sound discretion.

The intervenor cites Payne v. Finley, 291 S.W. 944 (Waco Tex.Civ.App., 1927, no writ hist.), to support its position. The funds sought to be garnished in the Payne case had not been paid out in violation of a judicial writ and were subject to disposition by the court. The intervenor in Payne claimed an actual interest in funds which were within the court's jurisdiction, and timely filed a petition of intervention. The Payne case is not applicable to the facts in this case.

The intervenor further relies on another lawsuit pending in Dallas, Texas, in which it is a defendant and appellee is plaintiff, to show its interest in this suit. This garnishment action does not prevent intervenor from alleging any defense it may have in the Dallas suit. Assuming the lawsuits are the same, the intervenor's proper remedy was a plea in abatement or motion to consolidate. However, the two cases are not the same since the Dallas case has many different parties, different issues and is a different type of action.

The intervenor has alleged only that it has a "substantial interest" and "timely filed" its petition of intervention. The appellee's motion to strike the petition contained good and sufficient reasons why the petition should have been stricken, i. e., waiver, estoppel, doctrine of unclean hands,

etc. The intervenor has failed to negate these reasons advanced by the appellee and in the absence of findings of fact and conclusions of law it is presumed that the trial court found in favor of the appellee as to each.

All points of error presented by the appellant and the intervenor are overruled.

Affirmed.