**Sudha SUR, Independent Executrix of the Estate of P.K. Sur, Appellant,**

v.

**R.W. OTTS, INC., Appellee.**

**No. A14–89–01168–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 21, 1990.

Rehearing Denied Dec. 13, 1990.

Bertrand C. Moser, Houston, for appellant.

E. Casey Magan, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

MURPHY, Justice.

In this appeal from a judgment in a suit on a sworn account, appellee, R.W. Otts, Inc., contests our jurisdiction, alleging that appellant, Sudha Sur, failed to timely file her cost bond on appeal. Appellant contends she did not receive "actual knowledge" of the judgment until more than twenty days after it was signed, therefore the appellate timetable began on the date notice was received. TEX.R.CIV.P. 306a(4); TEX.R.APP.P. 5(b)(4). On January 25, 1990, we dismissed her appeal for want of jurisdiction; the same day, appellant filed a motion to extend the effective date of judgment in the trial court. Although the motion was denied, the trial court did find that appellant had not received notice until more than twenty days after the judgment was signed, and we reinstated the appeal. However, upon further consideration, we order the appeal dismissed.

At trial, appellee presented evidence of a sworn account to recover a balance of $154,690.39 for the cost of labor, materials, and services rendered in renovating Kingston House Apartments, which had been damaged by Hurricane Alicia. Because appellant failed to deny the claim under oath, the trial court ruled as a matter of law that appellee was entitled to recover the entire amount. Further, a jury rejected appellant's counterclaim seeking damages under the Texas Deceptive Trade Practices Act.

■ The judgment was signed August 30, 1989. On September 29, 1989, appellant filed a motion for new trial alleging eleven points of error. This motion was overruled on October 5, 1989, and the trial court lost its plenary power November 4, 1989. TEX. R.CIV.P. 329b(e). If, as here, a timely motion for new trial is filed by any party, the time to perfect an appeal by filing a cost bond is within ninety days after the judgment is signed. TEX.R.APP.P. 41(a)(1); *see* TEX.R.APP.P. 40(a)(1). Under ordinary com-

putation, appellant's bond was due no later than November 28, 1989. Appellant did not file a motion to extend time to file a cost bond within fifteen days thereafter. TEX.R.APP.P. 41(a)(2). Appellant filed a cost bond on December 11, 1989.

■ Appellant contends that she considered her cost bond to be timely filed pursuant to TEX.R.APP.P. 5(b)(4), which allows a party who has not received notice or "acquired actual knowledge" of the judgment to compute the appellate timetable from the actual date she learned of the signing of the judgment. To rely on the extension of time, the party must prove in the trial court, on sworn motion and notice, the date of actual notice. TEX.R.APP.P. 5(b)(5).

■ Only after this Court dismissed her appeal did appellant return to the trial court and establish that she did not receive notice of the signing of the judgment until September 25, 1989, or more than twenty days after it was signed. Although the Rules do not specifically limit the time to seek a 5(b)(5) hearing to establish notice, we hold that in a case such as this, when appellant's notice did not prevent her from filing a motion for new trial that was timely as to the actual signing, then she should have complied with TEX.R.APP.P. 41.

Accordingly, the appeal is ordered dismissed.