Harris v. Texas Dep't of Protective & Regulatory Servs. 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-054-CV





LINDA HARRIS,



 APPELLANT


vs.





TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES,



 APPELLEE



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 91-6519, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING


 




PER CURIAM

 The transcript was tendered for filing with the Clerk of this Court January 28,
1994. Because a request for findings of fact and conclusions of law was filed, the transcript was
due by January 10, 1994, one hundred twenty days after the judgment was signed. Tex. R. App.
P. 54(a). A motion for extension of time for late filing the transcript was due by January 25,
1994, fifteen days after the last date for filing the record. Tex. R. App. P. 54(c); see B.D. Click
Co. v. Safari Drilling Corp., 638 S.W.2d 860, 862 (Tex. 1982).

 The perfecting instrument, the affidavit of inability to pay the costs of appeal, was
filed with the district clerk on December 17, 1993. The perfecting instrument was due by
December 9, 1993, ninety days after the judgment was signed. Tex. R. App. P. 40(a)(3)(A),
41(a)(1). A motion for extension of time for late filing the perfecting instrument was due by
December 27, 1993, fifteen days after the last date for filing the perfecting instrument. Tex. R.
App. P. 41(a)(2). (1)

 Because the perfecting instrument and the transcript have not been timely filed, we
will dismiss the appeal. Tex. R. App. P. 40(a)(3)(A), 41(a)(1), 54(a), 60(a)(2).

 The appeal is dismissed.


Justices Powers, Aboussie and Jones

Appeal Dismissed

Filed: March 9, 1994

Do Not Publish
1. Harris tendered in the district clerk's office on December 8, 1993, a motion to prove no
notice of the trial court's judgment, but there is no ruling on the motion in the transcript or any
indication in the docket sheet that the hearing has been held. See Tex. R. Civ. P. 306a; Tex. R.
App. P. 5(b). Because Harris timely tendered a request for findings of fact and conclusions of
law, Harris could have complied with Texas Rule of Appellate Procedure 41 and perfected her
appeal by December 9, 1993, since Harris admits in her motion to prove no notice that she
received actual notice of the trial court's final judgment on October 13, 1993. Unless a hearing
on appellant's motion to prove no notice has been held and the district court has timely signed an
order finding the date on which Harris received notice or acquired knowledge of the judgment,
Harris may no longer rely on the provisions of Texas Rule of Appellate Procedure 5(b). See Sur
v. R.W. Otts, Inc., 800 S.W.2d 647, 648 (Tex. App.--Houston [14th Dist.] 1990, writ denied);
see also Conaway v. Lopez, 843 S.W.2d 732, 733-34 (Tex. App.--Austin 1992, no writ). The
Clerk of this Court wrote the parties on February 7, 1994, and gave them until February 22,
1994, to tender a response showing grounds to continue the appeal. Harris has not responded.