FEDERAL LANES, INC., William J. Kowalski, D.C. d/b/a Greens Bayou Chiropractic Clinic, Albert A. Norris, D.D.S. and Norris D.D.S., Inc., McTex No. 6, Inc. a/k/a Edward D. Ensley d/b/a McDonald's, and Gulf Oxygen Company, Inc., Appellants,

v.

CITY OF HOUSTON, Appellee.

No. 01–94–00516–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 3, 1995.

Rehearing Overruled Aug. 24, 1995.

---

W. Briscoe Swan, Bellaire, for appellants.

Benjamin L. Hall, III, Andrea Chan, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and COHEN, HUTSON–DUNN, MIRABAL, O'CONNOR, WILSON, HEDGES, ANDELL and TAFT,[1] JJ.

## OPINION

MIRABAL, Justice.

The main issue in this case is whether an *unverified* **joint** motion to reinstate, after dismissal for nonappearance at a pretrial conference, has the same effect as a *verified* motion to reinstate. We hold that it does.

Before an opinion issued in this case, a majority of the Justices of this Court voted to consider the case en banc. TEX.R.APP.P. 79(d), (e)[2]. We reverse and remand.

The five appellants (collectively "the businesses") were plaintiffs below and are owners or operators of businesses on Federal Road in Houston, Texas.[3] Appellee City of Hous-

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, initially sat by assignment on this case. However, because the Court has decided this case en banc, Justice Price does not participate in the opinion.

2. Chief Justice Oliver–Parrott and Justices Mirabal, O'Connor, Wilson, and Andell voted for en banc consideration. Justices Cohen, Hutson–

Dunn, Hedges, and Taft voted against en banc consideration.

3. The appellants are Federal Lanes, Inc.; William J. Kowalski, D.C. d/b/a Greens Bayou Chiropractic Clinic; Albert A. Norris, D.D.S. and Norris D.D.S., Inc.; McTex No. 6, Inc. a/k/a Edward D. Ensley d/b/a McDonald's; and Gulf Oxygen Company, Inc.

ton was the defendant below.[4]

In 1988, access to the businesses was restricted by a City project to widen and improve Federal Road. The businesses filed suit in 1988 against the City on a theory of inverse condemnation to recover lost profits.[5] On January 7, 1994, the trial court granted summary judgment for the City against all the businesses except Gulf Oxygen, on the basis of either limitations or waiver-consent. The trial court ordered the remaining two parties, Gulf Oxygen and the City, to mediation. The trial court also scheduled the case for a pretrial conference on January 21, 1994, and for trial on January 24, 1994.

Gulf Oxygen and the City reached a mediated settlement [6] on January 10, 1994, which was 14 days before the trial date. At that time, neither party notified the court of the settlement. On January 19, two days before the scheduled pretrial conference, the trial court received a copy of the mediator's letter to the parties, which indicated the parties had settled. This letter did not contain a copy of the settlement or any reference to its terms.[7]

Neither Gulf Oxygen nor the City appeared at the pretrial conference scheduled for January 21. On January 24, the date of trial, the court dismissed Gulf Oxygen's suit for want of prosecution, noting specifically the failure to appear at the pretrial conference.

The City and the businesses, including Gulf Oxygen, filed a "Joint Motion to Reinstate" on February 17, 1994. The joint motion was signed by all counsel of record, and stated, in relevant part, as follows:

This case was dismissed for want of prosecution on January 24, 1994 for failure to appear at a pretrial conference on January 21, 1994. However, the reason the parties did not appear at the pretrial conference was that this action had been disposed of prior to that time. The Court

granted the City of Houston's Motion for Summary Judgment dismissing the case of all Plaintiffs except for Gulf Oxygen Co., Inc. on January 7, 1994. The Court had ordered the case to mediation and Gulf Oxygen Co., Inc. settled with all parties at a mediation ... on January 10, 1994. [The mediator] sent a letter to the Court which should have arrived well before the pretrial conference notifying the Court of the settlement. The parties relied on this notification in not appearing. The only reason a final order had not been submitted as to Gulf Oxygen is that all documents had not been drawn and circulated among the parties and City Council approval obtained, which is required before the City of Houston can make a binding agreement. The parties are in the process of completing the documentation for this settlement and obtaining City Council approval. Attached hereto are copies of the settlement agreement and letter from [the mediator].

. . . .

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ... and Defendant City of Houston pray that this case be reinstated on the docket of this Court, and that they have such other relief to which they may show themselves entitled.

The joint motion to reinstate was filed within 30 days after the judgment of dismissal was signed, but was not verified. The parties later filed an amended *verified* joint motion to reinstate on March 10, 1994, 45 days after the judgment of dismissal.

At the April 8, 1994, hearing on the joint motion to reinstate, the trial court stated that it had no authority to grant either motion, because the February 17 motion was timely but unverified, and the March 10 motion was verified but untimely. Therefore, the trial court concluded it did not have jurisdiction and overruled the joint motion to reinstate.

The businesses filed their appeal bond on April 25, 1994, 90 days after the judgment of

---

4. Another defendant, Ray Smith Construction Company (Smith), was nonsuited in the trial court, and is not a party to this appeal.

5. The businesses' request for an injunction to halt the construction was denied.

6. The settlement agreement was tentative in that it required City Council approval.

7. The parties did not file the settlement agreement with the court until they attached it to their February 17, 1994, joint motion to reinstate.

dismissal. The City has filed a motion to dismiss this appeal for want of jurisdiction based upon the businesses' failure to timely file their appeal bond.

■■■ An appeal bond must be filed within 30 days after the judgment is signed, or within 90 days if either party has filed a timely motion for new trial or request for findings of fact and conclusions of law. Tex. R.App.P. 41(a)(1). A verified motion to reinstate, filed after a dismissal under Tex. R.Civ.P. 165a,[8] has the same effect as a motion for new trial in extending the time for perfecting an appeal to within 90 days after the dismissal order is signed. *McConnell v. May,* 800 S.W.2d 194, 194 (Tex.1990); *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex.1986). If the appeal bond is untimely filed, we have no jurisdiction and must dismiss. *Butts,* 705 S.W.2d at 697; *McCaskell v. Methodist Hosp.,* 856 S.W.2d 519, 521 (Tex.App.—Houston [1st Dist.] 1993, no writ).

The City argues that the businesses were required to file their appeal bond by February 23, 1994, 30 days after the judgment of dismissal was signed. The City acknowledges that if the businesses' joint motion to reinstate, filed on February 17, 1994, had been *verified,* it would have been effective to extend the businesses' time for perfecting an appeal to April 25, 1994, and therefore their appeal bond would have been timely filed. However, according to the City, even though the motion to reinstate was filed jointly by all parties, and signed by all attorneys of record, it needed to be verified, and the lack of verification is fatal to this appeal. We disagree.

■■■ It is true the general rule is that only a verified motion to reinstate extends the appellate timetable for filing the bond to perfect an appeal. *Butts,* 705 S.W.2d at 697; *Neese v. Wray,* 893 S.W.2d 169, 170–71 (Tex. App.—Houston [1st Dist.] 1995, no writ). However, a *Joint* Motion to Reinstate is equivalent to a "stipulation of facts." A "stipulation" is an agreement, admission or concession made in a judicial proceeding by the parties or their attorneys. *National Union Fire Ins. Co. v. Martinez,* 800 S.W.2d 331, 334 (Tex.App.—El Paso 1990, no writ). A stipulation constitutes a contract between the parties, and between the parties and the court; as such, it is binding upon the court as well as the parties. *First Nat'l Bank v. Kinabrew,* 589 S.W.2d 137, 142 (Tex.Civ. App.—Tyler 1979, writ ref'd n.r.e.); *Westridge Villa Apartments v. Lakewood Bank & Trust Co.,* 438 S.W.2d 891, 895 (Tex.Civ. App.—Fort Worth 1969, writ ref'd n.r.e.). Accordingly, there was no need to support the statements in the motion to reinstate with a sworn affidavit—the parties jointly stipulated to the facts in court.

■■■ We hold that the timely filed Joint Motion to Reinstate, signed by all counsel of record, satisfied the verification requirements of Tex.R.Civ.P. 165a(3). Therefore, we hold the trial court had jurisdiction to consider the joint motion, and this appeal was timely perfected. We overrule the City's motion to dismiss.

■■■ Under their fourth point of error, the businesses argue that the trial court erred in refusing to grant their joint motion to reinstate. We agree.

The joint motion to reinstate was like a rule 11 [9] agreement; it was in writing, signed by all attorneys of record, and filed with the papers as part of the record. The joint motion stipulated to the facts surrounding the parties' failure to appear at the pretrial conference, and set out the agreement of the parties to have a particular order entered.

Rule 165a(3) provides, in relevant part:

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

---

8. Tex.R.Civ.P. 165a(3) states, in pertinent part: "A motion to reinstate shall set forth the grounds therefor and be verified by the *movant or his attorney.*" (Emphasis added.)

9. Tex.R.Civ.P. 11.

690

TEX.R.CIV.P. 165a(3). In the face of the joint motion, containing stipulated facts, the trial court was bound to accept as true the facts to which the parties had stipulated. *Kinabrew*, 589 S.W.2d at 142; *Westridge Villa Apartments*, 438 S.W.2d at 895. The explanation for the parties' failure to appear at the pretrial conference clearly shows they had a reasonable excuse for their absence: they had reached a settlement; they thought the court had been informed of the settlement by the mediator who served pursuant to the court's order to mediate; because of the settlement, they assumed the case had been removed from the court's trial docket and therefore it was unnecessary for them to appear at the pretrial conference. The parties' failure to appear did not constitute an intentional or consciously indifferent violation of the court's order to appear.

Further, because the joint motion to reinstate met the requisites of TEX.R.CIV.P. 11, the trial court had the ministerial duty to grant relief in strict accordance with the parties' agreement. *Trevino v. Houston Orthopedic Ctr.*, 831 S.W.2d 341, 344 (Tex. App.—Houston [14th Dist.] 1992, writ denied); *Guynn v. Corpus Christi Bank & Trust*, 580 S.W.2d 902, 906 (Tex.App.—Corpus Christi 1979, no writ).

For the foregoing reasons, we hold the trial court erred in overruling the joint motion to reinstate. Accordingly, we sustain point of error four.

In light of our ruling on point of error four, the whole case is to be reinstated on the trial court's docket to pend entry of a final, appealable judgment.

We reverse the judgment and remand this case to the trial court.

ANDELL, J., dissents.

ANDELL, Justice, dissenting.

I dissent. The appellee contends we lack jurisdiction over this appeal, and I agree.

The appellate timetable began to run on January 24, 1994, when the trial court signed the dismissal order. Ninety days later, on April 25, 1994, the appellants filed their appeal bond. However, the appellants were required to file their appeal bond by Febru-

ary 23, 1994, unless one of the following events extended the appellate timetable: (1) any party timely filed a motion for new trial; (2) any party timely requested findings of fact and conclusions of law; or (3) any party filed a timely, verified motion to reinstate.

None of these events occurred. Appellants were required to file a timely motion for new trial or a timely, *verified* motion to reinstate in order to gain more time to perfect their appeal. They did neither.

Nothing in TEX.R.CIV.P. 165a(3) suggests that this court may ignore the requirement that a motion to reinstate must be verified simply because a joint motion has been filed. I would hold that the filing of the joint but unverified motion to reinstate did not operate to extend the appellate deadlines. Thus, the appellants did not timely file their appeal bond to perfect their appeal, and we lack jurisdiction to address their points of error.

HUTSON–DUNN, HEDGES and TAFT, JJ., join the dissent.