CV6-389.HUDSON.DRAFT 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00389-CV







James C. Hudson, Appellant



v.



 Texas Racing Commission and David Freeman, Executive Director, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 95-08891, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING







PER CURIAM


 Appellant James Hudson attempts to appeal a judgment dismissing his cause of
action against appellees the Texas Racing Commission and David Freeman, Executive Director,
for want of jurisdiction. Because Hudson failed to timely file his perfecting instrument, we will
dismiss the cause for want of jurisdiction.

 The trial court signed the judgment of dismissal on March 14, 1996. Hudson filed
a timely motion for new trial on April 12, 1996. Consequently, Hudson had ninety days to
perfect his appeal -- from March 15, 1996 to June 12, 1996. Tex. R. App. P. 41(a)(1); Tex. R.
Civ. P. 329b; Sur v. R.W. Otts, Inc., 800 S.W.2d 647, 648 (Tex. App.--Houston [14th Dist.]
1990, writ denied). Attempting to perfect an appeal, Hudson filed a certificate of cash deposit
in lieu of an appeal bond with the trial court on June 14, 1996. Pursuant to Texas Rule of
Appellate Procedure 41(a)(2), Hudson also had fifteen days after the date the trial court signed
the judgment during which he could have filed a motion to extend time to file his perfecting
instrument. The submitted transcript lacks any indication that Hudson timely sought an extension
of time to file a perfecting instrument from the trial court. The Clerk of this Court received a
copy of the transcript for the cause on July 11, 1996.

 In reviewing the submitted transcript, the Clerk noted that Hudson's perfecting
instrument was not filed timely with the trial court. The Clerk of this Court questioned the parties
about the timeliness of Hudson's perfecting instrument and informed the parties that the appeal
would be dismissed if grounds for continuing the appeal were not shown. Tex. R. App. P.
60(a)(2). The Clerk gave the parties ten days to respond and show grounds for continuing the
appeal. Hudson responded and did not dispute the fact that he filed the certificate of cash deposit
two days after it was due. Hudson asserted that he miscalculated the dates when filing his
certificate of cash deposit with the trial court and that his error was not deliberate or intentional
but was the result of inadvertence, mistake, or mischance.

 The time period for filing a perfecting instrument is jurisdictional. Federal Lanes,
Inc. v. City of Houston, 905 S.W.2d 686, 689 (Tex. App.--Houston [1st Dist.] 1995, writ denied);
see also Richie v. Ranchlander Nat'l Bank, 724 S.W.2d 851, 854-55 (Tex. App.--Austin 1978, no
writ) (citing Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978)). The appellate court has no
authority to entertain an appeal when the appellant has not filed a timely perfecting instrument. 
When an appellant fails to timely file a perfecting instrument or properly seek an extension of time
to file a perfecting instrument the appellate court must dismiss the cause for lack of jurisdiction. 
Gonzales v. Doctors Hosp.--East Loop, 814 S.W.2d 536, 537 (Tex. App.--Houston [1st Dist.]
1991, no writ).

 Because Hudson's perfecting instrument was not timely filed, this Court is
without jurisdiction over the appeal. The appeal is dismissed for want of jurisdiction. 


Before Justices Powers, Jones and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: August 28, 1996

Do Not Publish