CV6-640.DAWGS 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00640-CV







Big Dawgs Saloon, Inc., Appellant



v.



Texas Alcoholic Beverage Commission, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 96-340-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







PER CURIAM



 Appellant Big Dawgs Saloon, Inc. attempts to appeal the district court's judgment affirming
an order of the Williamson County Judge and the Texas Alcoholic Beverage Commission rejecting
appellant's application for a wine and beer retailer's permit. Because appellant failed to file timely its
perfecting instrument, we will dismiss the appeal for want of jurisdiction. 

 The trial court signed the judgment on September 17, 1996. Appellant did not file a motion
for new trial. Consequently, appellant had thirty days to perfect its appeal -- from September 18, 1996,
to October 17, 1996. Tex. R. App. P. 41(a)(1); Tex. R. Civ. P. 329b; Sur v. R.W. Otts, Inc., 800
S.W.2d 647, 648 (Tex. App.--Houston [14th Dist.] 1990, writ denied). Attempting to perfect an appeal,
Big Dawgs Saloon filed a cash deposit and the District Clerk of Williamson County prepared a Certificate
of Deposit of Cash by Appellant in Lieu of Cost Bond on October 18, 1996. Pursuant to Texas Rule of
Appellate Procedure 41(a)(2), appellant had fifteen days after the last day for filing during which it could
have filed a motion to extend time to file a perfecting instrument. The submitted transcript lacks any
indication that appellant timely sought an extension of time to file a perfecting instrument. The Clerk of this
Court received a copy of the transcript for the cause on November 14, 1996.

 In reviewing the submitted transcript, the Clerk of this Court noted that appellant's
perfecting instrument was not filed timely with the trial court. The Clerk of this Court sent a letter to the
parties questioning the timeliness of appellant's perfecting instrument and informed the parties that the
appeal would be dismissed if grounds for continuing the appeal were not shown. Tex. R. App. P. 60(a)(2). 
The Clerk gave the parties thirteen (13) days to respond and show grounds for continuing the appeal. The
Clerk has received no response from any party. 

 The time period for filing a perfecting instrument is jurisdictional. Federal Lanes, Inc. v.
City of Houston, 905 S.W.2d 686, 689 (Tex. App.--Houston [1st Dist.] 1995, writ denied); see also
Richie v. Ranchlander Nat'l Bank, 724 S.W.2d 851, 854-55 (Tex. App.--Austin 1986, no writ) (citing
Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978)). The appellate court has no authority to entertain
an appeal when the appellant has not filed a timely perfecting instrument. When an appellant fails to timely
file a perfecting instrument or properly seek an extension of time to file a perfecting instrument, the appellate
court must dismiss the cause for lack of jurisdiction. Gonzales v. Doctors Hosp.-- East Loop, 814
S.W.2d 536, 537 (Tex. App.--Houston [1st Dist.] 1991, no writ). 

 Because appellant's perfecting instrument was not timely filed, this Court is without
jurisdiction over the appeal. The appeal is dismissed for want of jurisdiction. 


Before Justices Powers, Aboussie and Jones

Dismissed for Want of Jurisdiction

Filed: December 19, 1996

Do Not Publish



ONG>







NO. 03-96-00640-CV







Big Dawgs Saloon, Inc., Appellant



v.



Texas Alcoholic Beverage Commission, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 96-340-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







PER CURIAM



 Appellant Big Dawgs Saloon, Inc. attempts to appeal the district court's judgment affirming
an order of the Williamson County Judge and the Texas Alcoholic Beverage Commission rejecting
appellant's application for a wine and beer retailer's permit. Because appellant failed to file timely its
perfecting instrument, we will dismiss the appeal for want of jurisdiction. 

 The trial court signed the judgment on September 17, 1996. Appellant did not file a motion
for new trial. Consequently, appellant had thirty days to perfect its appeal -- from September 18, 1996,
to October 17, 1996. Tex. R. App. P. 41(a)(1); Tex. R. Civ. P. 329b; Sur v. R.W. Otts, Inc., 800
S.W.2d 647, 648 (Tex. App.--Houston [14th Dist.] 1990, writ denied). Attempting to perfect an appeal,
Big Dawgs Saloon filed a cash deposit and the District Clerk of Williamson County prepared a Certificate
of Deposit of Cash by Appellant in Lieu of Cost Bond on October 18, 1996. Pursuant to Texas Rule of
Appellate Procedure 41(a)(2), appellant had fifteen days after the last day for filing during which it could
have filed a motion to extend time to file a perfecting instrument. The submitted transcript lacks any
indication that appellant timely sought an extension of time to file a perfecting instrument. The Clerk of this
Court received a copy of the transcript for the cause on November 14, 1996.

 In reviewing the submitted transcript, the Clerk of this Court noted that appellant's
perfecting instrument was not filed timely with the trial court. The Clerk of this Court sent a letter to the
parties questioning the timeliness of appellant's perfecting instrument and informed the parties that the
appeal would be dismissed if grounds for continuing the appeal were not shown. Tex. R. App. P. 60(a)(2). 
The Clerk gave the parties thirteen (13) days to respond and show grounds for continuing the appeal. The
Clerk has received no response from any party. 

 The time period for filing a perfecting instrument is jurisdictional. Federal Lanes, Inc. v.
City of Houston, 905 S.W.2d 686, 689 (Tex. App.--Houston [1st Dist.] 1995, writ denied); see also
Richie v. Ranchlander Nat'l Bank, 724 S.W.2d 851, 854-55 (Tex. App.--Austin 1986, no writ) (citing
Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978)). The appellate court has no authority to entertain
an appeal when the appellant has not filed a timely perfecting instrument. When an appellant fails to timely
file a perfecting instrument or properly seek an extension of time to file a perfecting instrument, the appellate
court must dismiss the cause for lack of jurisdiction. Gonzales v. Doctors Hosp.-- East Loop, 814
S.W.2d 536, 537 (Tex. App.--Houston [1st Dist.] 1991, no writ). 

 Because appellant's perfecting instrument was not timely filed, this Court is without
jurisdiction over the appeal. The appeal is dismissed for want of jurisdiction.