**Mendy WELBORN, Appellant,**

v.

**AMERICAN MEDICAL RESPONSE OF TEXAS, INC.; Ferrill Enterprises, Inc.; Ferrill Lawson; Robert Arsenault; Carolyn Hart; Bobby Hart; and Jana Hart, Individually and as Next Friend of Rickey Hart II and Katie Hart, Minors, Appellees.**

No. 05–08–01432–CV.

Court of Appeals of Texas, Dallas.

May 24, 2010.

---

Larry R. Wright, Larry R. Wright, P.C., Winnsboro, for Appellant.

David M. Weaver, Burford & Ryburn, LLP, Reuben R. Rios, Gregory R. Ave, Walters, Balido & Crain, L.L.P., John M. Cox, John M. Cox & Associates, P.C., Dallas, Carolyn Hart, Alvarado, Coby Dean Smith, Brackett & Ellis, P.C., Fort Worth, for Appellees.

Before Justices O'NEILL, LANG–MIERS, and MYERS.

## OPINION

Opinion by Justice LANG–MIERS.

In this appeal, Mendy Welborn challenges the trial court's dismissal of her lawsuit against appellees for want of prosecution and lack of due diligence. In six issues, she argues that the trial court abused its discretion by dismissing her lawsuit and erred by failing to hold a hearing on her motion to reinstate the lawsuit. Because the trial court did not conduct a hearing on Welborn's verified motion to reinstate, we reverse the trial court's judgment and remand this case to the trial court for further proceedings.

In April 2000, Ricky Hart and Robert Arsenault were driving motorcycles when they were involved in an accident. Hart was killed. Welborn was a passenger on Arsenault's bike and was injured. As Welborn was being transported to the hospital in an ambulance operated by American Medical Response of Texas, Inc., the ambulance was involved in an accident.

Hart's family sued Arsenault, Ferrill Enterprises, Inc., and Ferrill Lawson[1] in Johnson County alleging that Arsenault had been drinking at Ferrill's Lounge and was intoxicated at the time of the accident. Over a year later, Welborn intervened in that action, asserting claims against the Hart family, the Ferrill defendants, Arsenault, and American Medical. American Medical moved to sever and transfer venue of Welborn's claims to Dallas County. Its motion was granted and the Johnson County court ordered Welborn's claims against all defendants transferred to Dallas County.

When the case arrived in Dallas County, it was docketed as "Carolyn Hart, et al. v. Ferrill Enterprises, Inc., et al."—the same

---

1. Appellees Ferrill Enterprises, Inc. and Ferrill Lawson are spelled inconsistently throughout the record and briefs as "Ferrill" and "Ferrell." Based on our review of the record, it appears the correct spelling is "Ferrill" and that is the spelling we use.

style as the lawsuit in Johnson County. In the meantime, the Hart family settled its Johnson County lawsuit against the Ferrill defendants and Arsenault and moved to dismiss that lawsuit. They also moved to dismiss their claims against these defendants in the Dallas County lawsuit. Apparently not realizing that Welborn's claims were separate, the Dallas County court dismissed all claims of all parties in April 2003 and closed and archived the file. Meanwhile, American Medical and Welborn continued to prepare for trial in the Dallas County lawsuit without realizing that Welborn's claims had been dismissed. The parties learned of the dismissal a few months later.

The trial court was eventually alerted to the error in docketing and held a status conference five years later. After the hearing, the court announced that it planned to dismiss Welborn's case for want of prosecution based on the court's inherent powers. Instead, however, the court notified the parties that it would hold a show-cause hearing to determine whether there was a reason to dismiss Welborn's case for want of prosecution. On the date of the hearing, Welborn's attorney filed a motion for continuance stating that Welborn, who lived in Pennsylvania, was unable to attend and offer evidence because of a conflicting medical appointment in Pennsylvania. The trial court denied the motion for continuance and dismissed the case for want of prosecution and lack of due diligence.

■ Welborn timely filed a verified motion to reinstate the case and requested a hearing on the motion. She served a copy on the other parties in the case and sent a separate letter to the court asking for a hearing on the motion. See TEX.R. CIV. P. 165a(3). It is undisputed that the trial court did not set or hold a hearing and the

motion was overruled by operation of law. *See id.*

In her sixth issue, Welborn argues that the trial court erred by failing to hold a hearing on her motion to reinstate as required by civil procedure rule 165a. We agree.

Civil procedure rule 165a(3) states, in relevant part:

A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney.... The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable....

*Id.*

■ The Texas Supreme Court has held that the hearing required by rule 165a(3) is mandatory and that failure to hold such a hearing requires reversal. *Thordson v. City of Houston,* 815 S.W.2d 550, 550 (Tex. 1991) (per curiam). *See AIS Servs., L.L.C. v. Bayless,* No. 05–07–01446–CV, 2009 WL 3838856, at *3 (Tex.App.-Dallas Nov.18, 2009, no pet.) (mem.op.); *Resurgence Fin., L.L.C. v. Foster,* No. 05–07–01758–CV, 2009 WL 1875568, at *2 (Tex.App.-Dallas July 1, 2009, no pet.) (mem.op.); *Jeffrey v. Nutt,* No. 05–98–01914–CV, 2000 WL 1371255, at *1 (Tex.App.-Dallas Sept.25, 2000, no pet.) (mem.op.) (not designated for publication); *Reed v. City of Dallas,* 774 S.W.2d 384, 385 (Tex.App.-Dallas 1989, writ denied).

Because Welborn timely filed a verified motion to reinstate stating the grounds therefor, the trial court was required to hold a hearing on the motion. *See* TEX.R. CIV. P. 165a(3). The court's failure to do so was error and requires reversal. *See, e.g., Thordson,* 815 S.W.2d at 550. We sustain Welborn's sixth issue.

The trial court's judgment is reversed and this cause is remanded to the trial court to conduct a hearing on Welborn's

motion to reinstate. Based on our disposition of this issue, we do not need to consider Welborn's remaining issues.