**Reverse and Remand and Opinion Filed June 28, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00800-CV

**COURTNEY CHRISTOPHER, Appellant**
**V.**
**JUAN ECHEVARRIA, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-11780**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

Courtney Christopher appeals the trial court's dismissal of her underlying personal injury suit for want of prosecution and the trial court's failure to conduct a hearing or rule on her motion to reinstate. In two issues, Christopher argues the trial court erred in failing to conduct a hearing on her motion to reinstate and reinstate the case. We reverse and remand this cause for a hearing on the motion to reinstate.

In September 2015, Christopher sued Juan Echevarria and asserted claims arising out of a car accident in which Echevarria was the driver and Christopher was the passenger. On April 12, 2017, Christopher's case was dismissed for want of prosecution. On May 10, 2017, Christopher filed a motion to reinstate. The verified motion contained the affidavit of Christopher's attorney who stated he was not aware the case was set for hearing or called to trial on or about April 12,

2017, and he did not receive notice of a hearing being set, the case being called to trial, or any other party announcing for trial. The motion stated further that the failure of [Christopher's] attorney to appear for a hearing or trial was not intentional or the result of conscious indifference but was due to an accident or mistake and the failure has been otherwise reasonably explained. Therefore, the motion requested that the case should be set for hearing and reinstated. The trial court took no action on the motion to reinstate, and Christopher filed her notice of appeal on July 10, 2017.

In her first issue, Christopher argues the trial court erred in failing to conduct a hearing on her motion to reinstate. In response, Echevarria argues this Court lacks jurisdiction over this appeal and the trial court did not abuse its discretion by failing to set the motion to reinstate for hearing because the motion to reinstate was deficient due to the omission of a certificate of conference required by rule 2.07(a) of the Local Rules of the Civil Courts of Dallas County, Texas. Echevarria argues further that, because the motion to reinstate was deficient, it did not extend the time for filing Christopher's appeal. Thus, Echevarria argues, Christopher's notice of appeal filed more than thirty days after the trial court's order dismissing her case for want of prosecution was untimely.

Rule 2.07(a) provides that "[N]o counsel for a party shall file, nor shall any clerk set for hearing, any motion unless accompanied with a 'Certificate of Conference.'" Although the rule prohibits counsel from filing and clerks from setting for hearing "any motion" without a certificate of conference, the rule does not render void any motion filed without a certificate of conference in violation of the rule. *See Starnes v. Holloway*, 779 S.W.2d 86, 96 Tex. App.—Dallas 1989, writ denied) (local rule requiring motion for consolidation to be filed in earliest case filed did not purport to render void any order based on erroneously filed motion). Further, in view of the fact that parties may freely file motions and clerks may freely set hearings, the local rule is purely

procedural. *See id.* In addition, if violation of the local rule rendered void any motion without a certificate of conference, the local rule might well be in conflict with the Texas Rules of Civil Procedure and the Texas Constitution. *See id.* (rejecting argument that violation of local rule regarding motions for consolidation rendered consolidation order void). We conclude the absence of a certificate of conference from Christopher's motion to reinstate did not render the motion void. Therefore, the motion to reinstate extended the time for filing an appeal. *Federal Lanes, Inc. v. City of Houston*, 905 S.W.2d 686, 689 (Tex. App. —Houston [1st Dist.] 1995, writ denied) (verified motion to reinstate, filed after dismissal under rule of civil procedure 165a, has the same effect as a motion for new trial in extending time for perfecting appeal to within ninety days after dismissal order is signed).

Under rule of civil procedure 165a(3), a motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. TEX. R. CIV. P. 165a(3). The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. *Id.* The Texas Supreme Court has held that the hearing required by rule 165a(3) is mandatory and that failure to hold such a hearing requires reversal. *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991) (per curiam); *see Welborn v. American Medical Response of Texas, Inc.*, 313 S.W.3d 884, 886 (Tex. —Dallas 2010, no pet.).

Because Christopher timely filed a verified motion to reinstate stating the grounds therefor, the trial court was required to hold a hearing on the motion. *See* TEX. R. CIV. P. 165a(3). The court's failure to do so was error and requires reversal. *See Thordson*, 815 S.W.2d at 550; *Welborn*, 313 S.W.3d at 886. We sustain Christopher's first issue. Because of our disposition of this issue, we need not consider Christopher's remaining issue.

We reverse the trial court's judgment and remand to the trial court to conduct a hearing on Christopher's motion to reinstate.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

170800F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

COURTNEY CHRISTOPHER, Appellant

No. 05-17-00800-CV          V.

JUAN ECHEVARRIA, Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-11780.
Opinion delivered by Justice Bridges.
Justices Brown and Boatright participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for a hearing on Courtney Christopher's motion to reinstate.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered June 28, 2018.