**Opinion issued December 31, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-23-00569-CV**

_____

**KINGWOOD DIAMOND, INC., OBAID UDDIN, AND OHK GLOBAL, INC., Appellants**

**V.**

**LONESTAR PETROLEUM, LP, Appellee**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-27229**

---

**MEMORANDUM OPINION**

Appellee Lonestar Petroleum, LP has filed a motion to dismiss this appeal based upon an executed Rule 11 agreement requiring dismissal of the appeal. More

than ten days have elapsed since the filing of the motion, and appellants did not respond. *See* TEX. R. APP. P. 10.3(a). We grant the motion and dismiss the appeal.[1]

Appellee asserts, among other things, in its motion to dismiss that (1) the parties executed a Rule 11 agreement and filed the agreement with the district court on March 6, 2024, and (2) the Rule 11 agreement required appellants to dismiss their appeal by March 11, 2024. Appellee's motion to dismiss includes a copy of the executed Rule 11 agreement filed with the district court. Appellee further asserts that the Rule 11 agreement was executed by appellants and their attorney after (1) appellants conferred with their attorney, and (2) the Rule 11 agreement was translated for appellant Obaid Uddin, who was also acting as the corporate representative of appellants OHK Global, Inc., and Kingwood Diamond, Inc.

A Rule 11 agreement between parties is valid if it is in writing, signed, and filed as part of the record. *See* TEX. R. CIV. P. 11 ("Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."). A trial court has a ministerial duty to enforce a valid Rule 11 agreement in strict accordance with

---

[1] This appeal was previously dismissed on March 7, 2024 because appellants failed to pay all required fees. *See* TEX. R. APP. P. 42.3(b), (c). Appellants later filed an opposed motion for rehearing seeking reinstatement of the appeal after paying the required fees. On May 2, 2024, our court granted rehearing, withdrew our opinion dismissing the appeal, and reinstated the case on the active docket.

the agreement of the parties. *Fed. Lanes, Inc. v. City of Hous.*, 905 S.W.2d 686, 690 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

Here, the parties entered into a valid Rule 11 agreement by signing a written agreement and filing the agreement with the district court. *See* TEX. R. CIV. P. 11. As part of that agreement, appellants agreed to "withdraw all appeals and emergency motions filed with any Court of Appeals in this matter no later than March 11, 2024." This portion of the Rule 11 agreement is a valid waiver of appellants' right to appeal and entitles appellee to have the appeal dismissed.[2] *See Emerson v. Emerson*, 559 S.W.3d 727, 736-37 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("Because [appellant] expressly agreed to waive her rights to appeal the trial court's rulings on her requests for attorney's fees and interest and because [appellant] has not shown that the agreement is unenforceable, we must enforce the parties' agreement and dismiss [appellant's] appeal as to these issues."); *Escalante v. L J F, Inc.*, No. 02-22-00004-CV, 2022 WL 1682424, at *1 (Tex. App. —Fort Worth May 26, 2022, no pet.) ("If the parties agree to waive their right to appeal, an appellee is entitled to have the appeal dismissed."); *see also Connor v. Connor*, No. 01-17-00268-CV, 2018 WL 3542911, at *1 (Tex. App.—Houston [1st Dist.] July 24, 2018, pet. denied)

---

[2] Although appellants' attorney claims in an earlier pleading that he also is an appellant and was not a party to the Rule 11 agreement, he has not filed a notice of appeal on behalf of himself—he filed the notice of appeal only on behalf of Kingwood Diamond, Inc., Obaid Uddin, and OHK Global, Inc.

3

(mem. op.) (dismissing appeal based on waiver of right to appeal in settlement agreement).

Appellants have not demonstrated that the Rule 11 agreement was revoked and there is no indication that appellants secured a judicial determination that the agreement was unenforceable. *See Connor*, 2018 WL 3542911, at *1. Nor have appellants provided evidence demonstrating that the agreement is void due to duress. *See Emerson*, 559 S.W.3d at 734-35. A claim of duress requires proof that (1) a party made a threat or took action without legal justification; (2) the threat or action was of such a character as to destroy the other party's free agency; (3) the threat or action overcame the opposing party's free will and caused the party to do that which the party otherwise would not have done and was not legally bound to do; (4) the restraint was imminent; and (5) the opposing party had no present means of protection. *McMahan v. Greenwood*, 108 S.W.3d 467, 482 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

Accordingly, we grant appellee's motion to dismiss the appeal. Appellee's request for sanctions is denied. We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Countiss.

4