O. D. CHESSHIR et ux., Petitioners,

v.

FIRST STATE BANK OF MORTON, TEXAS, Respondent.

No. C–291.

Supreme Court of Texas.

July 15, 1981.

Rehearing Denied Sept. 16, 1981.

George E. Gilkerson, Ralph H. Brock, Lubbock, for petitioners.

James Walker, Morton, for respondent.

PER CURIAM.

O. D. Chesshir and his wife, Donletti Chesshir, sued the First State Bank, Morton, Texas, to recover damages for the Bank's disposition of their certificate of deposit contrary to their alleged agreement. The Chesshirs alleged a cause of action under the Deceptive Trade Practices—Consumer Protection Act (DTPA), Tex.Bus. & Comm.Code Ann. § 17.41 *et seq.*, and an alternative cause of action for conversion. Judgment in favor of the Chesshirs and against the Bank was rendered on the jury's verdict that the Bank's actions violated the DTPA. The court of civil appeals reversed the trial court judgment and rendered judgment that the Chesshirs take nothing by virtue of their DTPA action, holding that the Chesshirs were not "consumers" in the certificate of deposit transaction. 613 S.W.2d 61.

In their motion for rehearing to the court of civil appeals, the Chesshirs argued that the judgment of the trial court should be modified and rendered in their favor on their alternative cause of action for conversion. The court of civil appeals did not review the Chesshirs' right to recover on their conversion claim, apparently because this theory was not advanced in their reply brief. The Chesshirs complain here of the court of civil appeal's failure to consider this alternative cause of action.

In *McKelvy v. Barber*, 381 S.W.2d 59 (Tex. 1964), we excused a respondent from carrying forward a cross-point in his reply brief which was aimed toward a judgment less favorable to him than the one he received in the court of civil appeals. Similarly, in *Tanner Development Co. v. Ferguson*, 561 S.W.2d 777 (Tex. 1977), we considered the points argued by respondent in his brief to the court of civil appeals but not argued in this Court until respondent filed his motion for rehearing. *Accord: Campbell v. Northwestern Nat. Life Ins. Co.*, 573 S.W.2d 496 (Tex. 1978); *Taggart v. Taggart*, 552 S.W.2d 422 (Tex. 1977).

The failure of the court of civil appeals to consider the Chesshirs' arguments on conversion is in conflict with the rule of *McKelvy v. Barber, supra.* Pursuant to the authority conferred by Tex.R.Civ.Pro. 483, we grant petitioners' writ of error and without hearing oral argument we reverse the judgment of the court of civil appeals and remand the cause to that court for consideration of the conversion cause of action.