**Douglas B. HANSEN, M.D., Appellant,**

v.

**ACADEMY CORPORATION, Appellee.**

No. 01–96–00381–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 24, 1997.

L.T. Bradt, Houston, for Appellant.

Corwin L. Teltschick, Edmund L. Cogburn, Houston, for Appellee.

Before SCHNEIDER, C.J., and O'CONNOR and HEDGES, JJ.

## OPINION

O'CONNOR, Justice.

The appellee, Academy Corporation, has filed a motion for rehearing. We deny the motion for rehearing, but withdraw our earlier opinion of June 19, 1997, and substitute this opinion in its place.

This is an appeal following a trial on remand from this Court. The issue in the first appeal was whether the trial court properly declared that Academy was required to pay property taxes assessed on certain leased property owned by Hansen. *Academy Corp. v. Hansen*, No. 01–93–00299–CV, 1994 WL 64867 (Tex.App.—Houston [1st Dist.] 1994, writ denied) (not designated for publication). We reversed the trial court's judgment and remanded the case to determine two specific questions. *Id.*, 1994 WL 64867 at *8. On remand, Hansen asked the trial court to determine an issue not included in this Court's mandate, and the trial court refused. In this appeal, Hansen argues the trial court erred by refusing to address the issue.

### Facts

Academy leased from Hansen a 22,500–square–foot building located on a three-acre tract in Rosenberg, Texas. As part of the lease agreement, Academy had exclusive use of the parking lot for the building. The lease obligated Academy to pay property taxes on the leased premises, which Academy contended was only the building. Hansen contended Academy was required to pay taxes on the entire three-acre tract, including the parking lot.

Academy brought a declaratory judgment action to clarify who owed the taxes on the property surrounding the building and used for parking by Academy. Hansen brought a counterclaim for breach of the lease based on Academy's refusal to pay the property taxes. In the alternative, Hansen pled for intentional trespass. Hansen claimed Academy, without his consent, used a small building and a small canister sign located outside the parking lot but within the three-acre tract. The trial court entered judgment in favor of Han-

sen and required Academy to pay property taxes on the entire three-acre lot. All other claims for relief were denied.

In the first appeal, we reversed the trial court's judgment. *Academy Corp.*, 1994 WL 64867 at *8. After reviewing the lease, we determined that Academy had leased only the building, even though it had the exclusive right to use the parking area adjacent to the building.[1] *Id.* at *6. We remanded the case to determine: (1) the amount of taxes owed on the building for 1989–1991 [2] to be paid by Academy; and (2) the amount, if any, of attorney fees which should be awarded Academy under the Declaratory Judgment Act. *Id.* at *8.

Hansen filed a motion for rehearing. In his motion, Hansen argued this Court erred by not also remanding the case for a determination of his trespass claim. Academy responded by arguing that Hansen waived any trespass claim. Because Hansen did not raise the trespass issue during the first appeal of the case, Academy contended that he could not make the argument for the first time on rehearing. This Court denied Hansen's motion for rehearing without an opinion. On remand, Hansen urged the trial court to address his trespass claim against Academy. The trial court refused.

## Issues in this Appeal

In his sole point of error, Hansen argues the trial court erred by not allowing him to present his trespass claim. In three cross-points, Academy argues the trial court erred for the following reasons: (1) awarding a money judgment to Hansen based on the tax reimbursement provisions of the lease; (2) awarding prejudgment interest to Hansen on the amounts determined to be reimbursable from Academy; and (3) overruling Academy's motion for new trial.

## A. Hansen's Trespass Claim

Hansen argues it was not until this Court issued its first opinion that Academy's trespass became absolute. He claims the question of whether Academy's use of the small storage building and the small canister sign constituted a trespass did not arise until this Court issued its opinion that Academy had only leased the 22,500–square–foot building. Hansen therefore argues that even though this Court limited the remand to two specific inquiries, the trial court should have addressed his trespass claim.[3] We disagree in part, and agree in part.

■ When a court of appeals remands a case with instructions restricting the retrial to particular issues, the parties must keep within those issues. *Liberty Leasing Co. v. Still,* 582 S.W.2d 255, 257–58 (Tex.App.—Houston [1st Dist.] 1979, no writ). In this case, the authority of the trial court was limited by the mandate to determine the actual amount of taxes to be reimbursed to Hansen by Academy, and to ascertain reasonable attorney fees to be awarded to Academy. The trial court, therefore, acted properly when it refused to address Hansen's trespass claim on remand.

■ While the trial court was correct in obeying our judgment and mandate, upon further reflection, we believe that we were not correct in refusing to consider Hansen's trespass claim on rehearing. Even though Hansen did not raise the trespass claim through a cross-point on the initial appeal, we should have addressed that point on rehearing because this Court's construction of the lease created the issue of whether Academy used the storage shed and canister sign without Hansen's consent.

We disagree with Academy that Hansen was required to bring this issue before us in a cross-point in the first appeal. An appellee, like an appellant, must preserve the right

---

1. The problem of the lease seems to be that some of its language was taken from a lease for a tenant of a shopping center, in which each tenant leases its commercial space (and pays taxes on it), and has the right to use the parking lot. Here, there was only one tenant, Academy.

2. At trial, the parties stipulated to the amount of taxes Academy owed for the years 1989 through 1994 under the lease provisions as construed by this Court.

3. At the trial on remand, the trial court did allow Hansen to present evidence of Academy's trespass through a bill of exception.

to complain on appeal about an error committed by the trial court. *Boyce Iron Works, Inc. v. Southwestern Bell Tel. Co.,* 747 S.W.2d 785, 787 (Tex.1988). However, if an appellee receives a favorable judgment and is satisfied with it, the appellee need not file cross-points to preserve alternative grounds of recovery. *Oak Park Townhouses v. Brazosport Bank,* 851 S.W.2d 189, 190 (Tex. 1993); *Boyce Iron Works,* 747 S.W.2d at 787; *Chesshir v. First State Bank,* 620 S.W.2d 101, 101–102 (Tex.1981).[4]

In *Chesshir,* the Chesshirs sued First State Bank to recover damages because of a breach of an agreement. 620 S.W.2d at 101–102. They alleged an alternative cause of action under the Deceptive Trade Practices Consumer Protection Act[5] (DTPA) and an alternative cause of action for conversion. *Chesshir,* 620 S.W.2d at 101–102. The trial court granted judgment in favor of the Chesshirs and against the Bank on the DTPA cause of action but not on the conversion action. *Id.* The court of appeals reversed the trial court judgment and rendered judgment that the Chesshirs take nothing on their DTPA action. *Id.* at 101–102. In their motion for rehearing, the Chesshirs argued that the trial court's judgment should be modified and rendered in their favor on the alternative cause of action for conversion. The court of appeals denied their motion for rehearing, because "this theory was not advanced in their reply brief." *Id.* at 101–102. The supreme court reversed and held that the court of appeals erred when it did not consider the Chesshirs' conversion action even though it was urged for the first time on rehearing. *See id.* at 102.

Here, Hansen was the prevailing party at the trial court. Hansen's only responsibility in the first appeal was to respond to Academy's points of error. *See Oak Park,* 851 S.W.2d at 190; *Chesshir,* 620 S.W.2d at 101–102. Hansen was not required to raise cross-points on the trespass claim at that time. *See Oak Park,* 851 S.W.2d at 190.

In the first appeal, we determined that Academy had only leased the 22,500–square-foot building and that it had a right to use the paved parking lot adjacent to the building. *Academy Corp.,* 1994 WL 64867 at *6. We did not address the issue of whether Academy had a right to use the storage shed or the canister sign, which are not located on the leased premises or the paved parking lot. However, upon reconsideration of our first opinion, and because Hansen reasserts his trespass claim in this appeal, we will address the trespass cause of action.

In the first trial, Arthur Gochman, the chairman of Academy who negotiated the lease, testified that he was aware of a storage shed located behind the Academy store. He stated that he was not aware if the shed was being used at that time or if anyone had used the shed during the lease period. With respect to the canister sign, Gochman explained that Academy used the sign, but that he thought it was part of the lease. Hansen testified that a boat, a wheelbarrow, and some other things were stored in the shed during the term of Academy's lease. Neither party could recall whether the use of the shed or erection of a sign was discussed at the time they signed the lease.

In the trial on remand, Hansen testified in a bill of exception that Academy was using the storage shed and had erected a sign. He explained the storage shed was located on the three-acre tract of land, but that it was not attached to the 22,500–square-foot building, nor was it located on the paved parking lot. Hansen testified that both the storage shed and the canister sign are located on grassy plots, which are not part of the parking lot.

The evidence tends to show that Academy used certain real property that was not covered under the lease. There is no evidence in either record showing that Academy leased the storage shed, any canister signs, or any grassy plots of land outside the edge

---

4. While it is recommended that an appellee file cross-points addressing alternative grounds that were pleaded and asserted at the trial court, it is not required by the Texas Rules of Appellate Procedure or caselaw. *Tanner Dev. Co. v. Ferguson,* 561 S.W.2d 777, 788 (Tex.1977).

5. Tex. Bus. & Com.Code Ann. §§ 17.41–63 (Vernon 1982).

of the parking lot. However, because this evidence was elicited through a bill of exception, and Academy did not cross-examine the witness or have the opportunity to develop testimony on this issue, we will remand for a determination of this issue.

■ We sustain Hansen's point of error one.[6]

### B. Academy's Cross–Points

#### 1. Attorney Fees

In cross-point three, Academy argues the trial court erred in denying it appellate attorney fees for this appeal. In the trial on remand, the jury awarded Academy attorney fees for services through the second trial; however, the jury did not award Academy attorney fees for this appeal. Academy moved for a partial new trial, limited to the issue of attorney fees for this appeal. The trial court overruled the motion. Here, Academy claims the trial court erred in overruling the motion because the jury's finding was against the great weight and preponderance of the evidence.[7] We disagree.

■ Academy brought this suit under the Texas Uniform Declaratory Judgments Act.

*See* TEX. CIV. PRAC. & REM.CODE § 37.009 (Vernon 1986). The Act provides that the trial court "may award costs and reasonable and necessary attorney fees as are equitable and just." *Id.* The determination of the *amount of the attorney fees* to be awarded under the Act is a question of fact for the trier of fact (trial judge or jury). *Leon Ltd. v. Albuquerque Commons Partnership*, 862 S.W.2d 693, 708 (Tex.App.—El Paso 1993, no writ). In a declaratory judgment case, the determination of *whether to award* attorney fees is solely within the discretion of the trial court. *Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex.1996); *Leon Ltd.*, 862 S.W.2d at 708. Thus, the granting of attorney fees in a declaratory judgment action will not be overturned on appeal unless the trial court clearly abused its discretion. *Barshop*, 925 S.W.2d at 637; *Industrial Structure & Fab., Inc. v. Arrowhead Indus. Water, Inc.*, 888 S.W.2d 840, 844 (Tex.App.—Houston [1st Dist.] 1994, no writ).

■ Although the trial court in this case submitted a question to the jury on the amount of reasonable attorney fees, it retained the sole authority to award or deny

---

6. On rehearing, Academy argues that the doctrine of "law of the case" precludes us from reviewing the trespass claim. The "law of the case" doctrine states that questions of law decided on appeal to a court of last resort will govern the case throughout its later stages. *See Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986); *Harris County v. Walsweer*, 930 S.W.2d 659, 663–64 (Tex.App.—Houston [1st Dist.] 1996, writ requested). In our earlier decision in this case, however, we did not reach a determination on the trespass issue. While Hansen raised the issue of trespass in his motion for rehearing, we overruled the motion without expressing an opinion on the merits of the trespass issue. The law of the case doctrine, therefore, does not apply in this case.

On rehearing en banc, Academy's argument takes an interesting twist. It seems that Academy, for the sake of its trespass argument, is claiming that Hansen's trespass claim is unfounded because it had a lease on the entire three-acre tract. This is the first time that Academy has argued that it in fact leased the entire tract. Not only is this a novel argument, it is contrary to the argument Academy advanced throughout this appeal. Simply put, if Academy leased the entire tract of land, then, according to the lease, Academy owes taxes on the entire tract

of land. However, if Academy has leased the 22,500–square–foot building, which we found it has, then it may owe additional rents and be taxed for the use of the storage shed.

7. In cross-point three, Academy argues this Court should review the jury's zero finding of attorney fees for this appeal under a legal and factual sufficiency analysis. In a declaratory judgment action, the issue of attorney fees has two parts: (1) whether there is evidence to support the award and (2) whether the trial court decides attorney fees should be awarded. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). We interpret Academy's point as a challenge to both the zero jury finding and the trial court's refusal to award attorney fees by overruling the motion for new trial. Because we overrule the point based on the trial court's decision not to award attorney fees (not the challenge to the sufficiency of the evidence), we do not need to reach the issue whether the jury's decision was against the great weight and preponderance of the evidence. *See Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex.1996); *Industrial Structure & Fab., Inc. v. Arrowhead Indus. Water, Inc.*, 888 S.W.2d 840, 844 (Tex.App.—Houston [1st Dist.] 1994, no writ).

attorney fees. *See Barshop,* 925 S.W.2d at 637; *Industrial Structure & Fab., Inc.,* 888 S.W.2d at 844. Nothing in this record shows the trial court abused its discretion in refusing to grant Academy attorney fees for the second appeal. The trial court, therefore, did not err in denying Academy's partial motion for new trial.

We overrule Academy's cross-point three.

## 2. The Stipulation

In cross-point one, Academy argues the trial court erred in awarding a money judgment to Hansen based on the tax reimbursement provision of the lease because (1) Hansen did not comply with the notice provisions of the lease, which are conditions precedent for relief, and (2) Hansen's sole remedy upon Academy's default was cancellation of the lease.

In response, Hansen claims Academy stipulated that it owed certain amounts of money for each year, so the issue did not need to be tried. While Academy admits it entered into a stipulation with Hansen, which liquidated Academy's potential tax obligation, it argues the stipulation did not waive its argument relating to the notice and remedy provisions of the lease. In reply to Academy's response, Hansen argues that regardless of the lease provisions, no contract can preclude a party from seeking offsets to which he is entitled in a suit.

Paragraph 17.A.2 of the lease states that if Academy does not comply with the terms of the lease, Hansen is required to give Academy written notice of the default with 30 days to cure. If, after the initial 30–day period, Academy does not cure the default, Hansen is required to send another notice of the default and give Academy a second 30–day period to cure the default. That same paragraph states that Hansen's sole remedy is to terminate the lease.

In our first opinion, we discussed the notice and sole remedy clause of the lease. *Academy Corp.,* 1994 WL 64867 at *7. Fo-

cusing on the evidence adduced at the first trial, we noted that Hansen wrote one letter in response to Academy's request that he prorate the taxes on the building. *Id.* We construed that letter to be a demand by Hansen for payment. *Id.* at *7. There was no evidence regarding a second demand letter from Hansen to Academy. The only other evidence regarding this issue is that Academy filed the suit to prevent Hansen from evicting it from the building. The trial court did not make any finding on whether Hansen complied with the remedies provision in the lease or whether he was limited to those remedies.

We find that, on remand, the parties stipulated regarding Academy's tax obligations. The stipulation listed the effective years of the lease and the total amount of taxes.[8] The stipulation also listed each party's pro-rata share of the taxes. The parties made the following statements when they offered the stipulation:

> Cogburn (attorney for Academy): The plaintiff and the defendant stipulates [sic] for the record of this cause that the plaintiff and the defendant will offer Joint Exhibit No. 1, which is offered into evidence at this time, as a calculation prepared by Mr. Corwin Teltschik, counsel for the defendant, which reflects that Academy's share of the taxes which are part of what is involved in this lawsuit.
>
> Academy's share for the year of 1987 through 1994, and Hansen's share and the total taxes, with credit and showing the balance due by Academy.
>
> Bradt (attorney for Hansen): That is the stipulation of the defendant.

■ Academy argues the stipulation was not a waiver of the conditions and limitations on Academy's tax obligation because it never expressly renounced those provisions of the lease, nor did it plainly agree to relinquish those rights under the lease. It argues the stipulation was intended to be only a calcula-

---

8. The stipulation in this case meets the requirements of Rule 11 of the Texas Rules of Civil Procedure. Rule 11 requires that agreements "between attorneys or parties touching any suit pending" must be in writing, signed and filed with the papers as part of the record, or made in open court and entered of record. *See* Tex.R. Civ P. 11. Here, the stipulation was made in open court and made part of the record.

tion of the amounts paid and apportioned to the parties and Academy's potential tax obligation. We disagree.

■ A stipulation is an agreement, admission, or concession made in a judicial proceeding by the parties relating to matters incident to the proceedings. *Federal Lanes, Inc. v. City of Houston,* 905 S.W.2d 686, 689 (Tex.App.—Houston [1st Dist.] 1995, writ denied). It obviates the need for proof on a litigable issue. *Id.*

■ A stipulation that is unclear or ambiguous should be disregarded by the trial court. *Mann v. Fender,* 587 S.W.2d 188, 202 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.). The trial court must determine whether the wording of the stipulation expresses the intention of the parties under all circumstances, including allegations of the pleadings and the parties' attitudes about the issues to be tried. *Discovery Operating, Inc. v. Baskin,* 855 S.W.2d 884, 886–87 (Tex.App.—El Paso 1993, orig. proceeding). A stipulation should not be given greater effect than intended, and should not be construed as an admission of a fact intended to be controverted. *Austin v. Austin,* 603 S.W.2d 204, 207 (Tex.1980).

Here, the stipulation of the parties is clear and unambiguous. Both parties agreed that the amount listed on the exhibit presented to the trial court reflected Academy's share of the taxes. At no time did Academy notify the trial court that it was merely stipulating to a "potential" amount to be paid by Academy. The stipulation was discussed on several occasions during the trial on remand. In each case, Academy acknowledged that the issue of taxes owed by each of the parties had been resolved. David Pybus, counsel for Academy, testified that the issue of taxes and the amount owed by each party had been resolved on the morning of trial by an agreement with Hansen.

Edmund Cogburn asked Corwin Teltschik, one of Hansen's attorneys, the following question regarding the stipulation. "In order to take the issue [of the amount of taxes owed by each party] out of the case in order with our agreement, I sent to you a proposed stipulation; did I do that?" Before Teltschik

responded, the trial court stated that, "the stipulation and approval by the Court is in the record, and it has nothing to so with anything." At that time, Cogburn did not notify the trial court that Academy had only agreed to a potential amount, not to the liability of that amount.

All of the evidence before the trial court showed that the parties had agreed to remove the issue from the case. *See Austin,* 603 S.W.2d at 207. Moreover, the language of the stipulation shows that the parties had agreed on the actual amount that Academy owed to Hansen for taxes. Thus, the trial court did not err in removing the tax issue from the case, and narrowing the issues only to that of attorney fees.

We overrule Academy's cross-point one.

### 3. Prejudgment Interest

In cross-point two, Academy argues the trial court erred in awarding prejudgment interest to Hansen. Academy argues that Hansen was not entitled to prejudgment interest on the amount of taxes owed because Hansen did not follow the notice provisions in the lease. Academy, however, argues that if this Court determines the stipulation overrides the notice and remedies provision of the lease, the date of the stipulation itself would be the earliest time interest could have begun. Hansen contends that the correct calculations are governed by Tex.Rev.Civ. Stat. art. 5069–1.05. (Vernon 1964).

Prejudgment interest is calculated on the sum payable to the plaintiff from the time of the loss or injury to the time of the judgment. *Republic Nat'l Bank v. Northwest Nat'l Bank,* 578 S.W.2d 109, 116 (Tex.1978); *Winograd v. Clear Lake City Water Auth.,* 811 S.W.2d 147, 157 (Tex.App.—Houston [1st Dist.] 1991, writ denied). It is recoverable as a matter of right where a sum of money is determined to have been due and payable at a date certain before judgment. *Phillips Petro. Co. v. Stahl Petro. Co.,* 569 S.W.2d 480, 488 (Tex.1978); *Winograd,* 811 S.W.2d at 157.

■ Prejudgment interest may be awarded on a breach of contract claim. *Perry Roofing Co. v. Olcott,* 744 S.W.2d 929, 930

(Tex.1988); *Robert S. Wilson Inv. v. Blumer,* 837 S.W.2d 860, 862 (Tex.App.—Houston [1st Dist.] 1992, no writ). If the sum payable is not ascertainable from the contract, then prejudgment interest may be appropriate in equity. *Perry Roofing,* 744 S.W.2d at 930. The equitable prejudgment interest rate is the same as the rate of interest on judgments as specified in TEX.REV.CIV. STAT. art. 5069–1.05.[9] *Perry Roofing,* 744 S.W.2d at 930; *Blumer,* 837 S.W.2d at 862. The prejudgment interest begins accruing on the date of the injury. *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549, 555 (Tex.1985). In this case, the date of the injury is the date of the breach. *CKB & Assocs., Inc. v. Moore McCormack Petro., Inc.,* 809 S.W.2d 577, 587 (Tex.App.—Dallas 1991, writ denied). The trial court has no discretion about the decision to award prejudgment interest or the rate of the prejudgment interest. *Matthews v. DeSoto,* 721 S.W.2d 286, 287 (Tex.1986).

Here, the sum payable was not ascertainable from the contract, and, therefore, it was appropriate for the trial court to award prejudgment interest in equity. *Perry Roofing,* 744 S.W.2d at 930. The trial court ordered that Academy pay Hansen the sum of $50,167, which consists of Academy's portion of the taxes for the years 1989 through 1994, under the lease provisions as construed by this Court and prejudgment interest at 10 percent per annum, compounded daily on the amount of taxes until the date of the judgment. Thus, the trial court's determination of the percentage rate and accrual date of the prejudgment interest was correct.

We overrule Academy's cross-point two.

We affirm in part and reverse and we remand Hansen's trespass claim.

---

9. The current prevailing interest rate under TEX. REV.CIV. STAT. art. 5069–1.05 is 10 percent; however, because the rate is subject to change, any party can learn the current rate by calling the Texas Consumer Credit Commissioner at 512–479–1280.