COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

MELTON HARRELL and DEBORAH                 )

HARRELL,                                                           )              
No.  08-04-00060-CV

                                                                              )

Appellants,                         )                    Appeal from the

                                                                              )

v.                                                                           )            
County Court at Law #7

                                                                              )

NATVERLAL ANATU@
PATEL,                          )           
of El Paso County, Texas

                                                                              )

Appellee.                           )                   (TC# 2002-183)

                                                                              )

 

 

O
P I N I O N

 

Appellants Melton
and Deborah Harrell appeal from a money judgment granted in favor of Appellee
Natverlal ANatu@ Patel. 
Appellants bring five  issues on
appeal, challenging the sufficiency of the evidence and raising issues dealing
with the admission and exclusion of testimony. 
We must affirm.

After a bench
trial, the trial court judge signed a judgment in favor of Appellee, awarding
him an amount of $1,000,000.[1]  There were no findings of fact and
conclusions of law filed.  In the absence
of findings of fact, we must imply all findings necessary to support the trial
court=s
judgment.  See Tex.R.Civ.P. 299.








Melton and Deborah
Harrell were the owners of the Missile Inn, Inc.  On May 31, 1995, State National Bank (ABank@)
loaned Missile Inn, Inc. $1,597,500. 
Missile Inn signed a promissory note and the note was secured by a Deed
of Trust, Security Agreement and Financing Statements (ADeed
of Trust@).  The note was also covered by two guaranty
agreements given by Appellants.  The Bank
then assigned and transferred the Note, Deed of Trust and Guaranties to WAMCO
XXV, LTD.  After Missile Inn, Inc.
defaulted on the Note, WAMCO filed a lawsuit against the corporation and the
Appellants seeking enforcement and collection of the Note, Deed of Trust and
Guaranties.

Subsequently,
Missile Inn, Inc. filed a voluntary Chapter 11 petition in bankruptcy and the
case was removed to bankruptcy court. 
WAMCO then obtained a summary judgment in the bankruptcy proceeding
establishing the validity of the Note and the corporation=s liability on the Note in the amount
of $1,735,755.53 plus interest.  WAMCO
then transferred and assigned to Appellee the Judgment, the Note, Deed of
Trust, and Guaranties.  WAMCO=s claims for recovery against the
Appellants was remanded to County Court of Law No. 7.

On October 1,
2002, the property in question was sold through a foreclosure sale, pursuant to
the Deed of Trust.  The transfer of the
property including its title, was accomplished by the execution and recording
of a Substitute Trustee=s
Deed.  The parties agree that if any
deficiency on the Judgment and the Note is owed by Missile Inn, Inc. to
Appellee, after applying the credit from the sale, this amount with interest
would be $1,104,586.33 as of December 15, 2003.








At the trial
court, the parties agreed that the factual dispute was whether the guaranties
were for $500,000 or $200,000.  The
Appellants allege that they only agreed to $200,000 and that at the time they
signed the guaranties, the first two pages of a total of three were missing and
that the amount was changed. 
Additionally, there was a dispute as to whether there was only one
guaranty or two guaranties.

Sufficiency
of the Evidence

In Issue One, the
Appellants challenge the legal sufficiency of the evidence presented at trial
to show a liability or deficiency owed to the Appellants on the guaranty.  In Issue Two, Appellants challenge the
factual sufficiency of the evidence supporting the trial court=s finding that there were two
guaranties made individually by the Appellants.

Standards
of Review








In reviewing a Ano evidence@
or legal sufficiency attack, we must examine the record in the light most
favorable to the finding and disregard all evidence and inferences to the
contrary.  Garza v. Alviar, 395
S.W.2d 821, 823 (Tex. 1965); Jenkins v. Jenkins, 16 S.W.3d 473, 477
(Tex.App.--El Paso 2000, no pet.).  If
there is more than a scintilla of probative evidence supporting the finding of
the trial court, it must be upheld.  See
City of Beaumont v. Spivey, 1 S.W.3d 385, 392 (Tex.App.--Beaumont 1999, no
pet.).  More than a scintilla of evidence
exists when the evidence supporting the finding, as a whole, A>rises
to the level that would enable reasonable and fair-minded people to differ in
their conclusions.=@ 
Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711
(Tex. 1997), cert. denied, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d
939 (1998).  When an appellant attacks
the legal sufficiency of an adverse finding on an issue on which he did not
have the burden of proof at trial, the appellant must demonstrate on appeal
that there is Ano
evidence@ to support
the adverse finding.  Robert W. Calvert, ANo Evidence@ and AInsufficient
Evidence@ Points
of Error, 38 Tex.L.Rev. 361,
364‑68 (1960).

A factual
sufficiency point requires us to examine all of the evidence in determining
whether the finding in question is so against the great weight and
preponderance of the evidence as to be manifestly unjust.  In the Interest of B.R., 950 S.W.2d
113, 120-21 (Tex.App.--El Paso 1997, no pet.). 
We cannot substitute our conclusions for those of the fact finder.  Id. at 121.  If sufficient competent evidence of probative
force exists to support the finding, it must be sustained.  Id. 
We may not interfere with the fact finder=s
resolution of conflicts in the evidence or pass on the weight or credibility of
the witnesses=
testimony.  Benoit v. Wilson, 150
Tex. 273, 239 S.W.2d 792, 796 (1951); In the Interest of B.R., 950
S.W.2d at 121.  Where conflicting
evidence is present, the fact finder=s
determination on such matters is generally regarded as conclusive.  In the Interest of B.R., 950 S.W.2d at
121.








A stipulation is Aan agreement, admission, or concession
made in a judicial proceeding by the parties or their attorneys respecting some
matter incident thereto.@  Shepherd v. Ledford, 962 S.W.2d 28, 33
(Tex. 1998), citing Ortega-Carter v. American Int=l Adjustment Co., 834 S.W.2d 439,
441-42 (Tex.App.--Dallas 1992, writ denied). 
To be enforceable, the stipulation must be in writing, signed, and filed
as part of the record, or made in open court and entered of record.  Tex.R.Civ.P.
11.  Stipulations are binding upon the
parties, the trial court, and the reviewing court.  See Jim Sowell Const. Co., Inc. v. Dallas
Cent. Appraisal Dist., 900 S.W.2d 82, 84 (Tex.App.--Dallas 1995, writ
denied); M.J.R.=s
Fare of Dallas, Inc. v. Permit and Licence Appeal Bd. of Dallas, 823 S.W.2d
327, 330-31 (Tex.App.--Dallas 1991, writ denied).  A stipulation may limit or excluded issues to
be tried in any case.  See Hansen v.
Academy Corp., 961 S.W.2d 329, 335 (Tex.App.--Houston [1st Dist.] 1997,
writ denied).  Where the stipulation
limits the issues to be tried or considered by the jury, those issues are
excluded from consideration.  Federal
Lanes, Inc. v. City of Houston, 905 S.W.2d 686, 689 (Tex.App.--Houston [1st
Dist.] 1995, writ denied).  A stipulation
obviates the need for proof on [the] litigable issue.  Hansen, 961 S.W.2d at 335.

The record before
this Court indicated that there was an AAgreement
of the Parties Concerning the Trial of This Cause and Evidence to Be Presented
to the Court at the Trial of this Cause@
(AAgreement@).  The pertinent part reads:

2.         The parties stipulate that the
following facts and documents, as listed and described below, are not in
dispute and are to be admitted into evidence without objection for all purposes
at trial and shall be considered by the Court in rendering its judgment in this
cause:

 

                                                              .               .               .

 

k.         Wamco obtained summary judgment (the >Judgment=)
dated September 30, 2002 in the bankruptcy proceeding establishing the validity
of the Note and Missile Inn=s
liability on the Note in the amount of $1,735,755.53 plus interest.

 

                                                              .               .               .

 

n.         Wamco, subsequent to the remand,
transferred and assigned to Patel the Judgment, Note, Deed of Trust, and
Guaranties.  The transfer is evidenced in
part by a Loan Sale Agreement, Allonge, Absolute Assignment And Assumption Of
Note & Deed of Trust and Loan Documents, and Notice Of Transfer And
Assignment Of Final Judgment (hereinafter the >Patel
Transfer Documents=).  True and correct copies of the Patel Transfer
Documents are attached.

 

o.         On October 1, 2002, the Property was
sold pursuant to the terms and provisions of the Deed of Trust at a valid,
proper, legal and duly conducted foreclosure sale.  The transfer of the Property, including title
to the Property, was accomplished by the execution and recording of a
Substitute Trustee=s Deed
(the ADeed@).

 

                                                              .               .               .








q.         Patel is the holder and owner of the
Judgment, Note, and Guaranties.

 

r.          Subject to 5(f) below, the deficiency
owed by Missile Inn on the Judgment and the Note as of October 1, 2002, after
applying the credit from the sale of the Property, was $985,755.53.

 

s.          Subject to 5(f) below, the amount of
interest which has accrued on this deficiency from October 1, 2002 through
December 15, 2003, is $118,830.80, making the deficiency owed on the Judgment
and the Note as of December 15, 2003, $1,104,586.33.

 

Appellee testified that since 1982,
he had purchased about 170 commercial properties.  He said that the deeds of those 170
properties did not contain the actual purchase price.  He also stated that in his experience, the
purchase price of a commercial real property would not be recorded in the deed.  He also testified that his claim was for the
deficiency between the bid amount and the owed amount.  He testified that the entire indebtedness
that was owed on the note and the judgment was not extinguished by his credit
bid.  Viewed in the light most favorable
to the judgment, the foregoing evidence supports the trial court=s implied finding that a liability on
the guaranty existed.  Issue One is
overruled.

The trial
Agreement also stipulated that the only factual issues remaining in need of
resolution by the trial court were: 

a.         Whether Melton Harrell agreed to
guaranty the indebtedness of Missile Inn in the amount of $500,000.00 or
$200,000.00, and 

 

b.         Whether Deborah Harrell agreed to
guaranty the indebtedness of Missile Inn in the amount of $500,000.00 or
$200,000.00

 








At trial, a portion of Mrs. Harrell=s deposition was read into the
record.  Mrs. Harrell=s deposition indicated that she was
familiar with guaranties, and she identified her signature on the Guaranty
Agreement, but testified that she did not recall signing the document or having
any discussions about the guaranty of the Missile Inn.  She indicated that if Mr. Harrell had asked
her to sign something, she signed it without Areally
reading through it trusting that he had read it.@  

Relevant portions
of Mr. Harrell=s
deposition were also read into the record. 
Mr. Harrell also testified that he had signed the Guaranty Agreement,
but that he did not recall the agreement specifically.  He testified that he believed the Guaranty
Agreement called for a $200,000 guarantee, as was discussed during the
negotiations with the Bank.  He testified
that he did not read the documents.  Mr.
Harrell alleged that he did not agree to the guarantee presented in the
documents, and that he believed that language was added to the document after
he had signed the documents.

The deposition of
Ms. Sancie Jordan, the escrow officer handling the Missile Inn, Inc.
transactions, was also presented to the court. 
Ms. Jordan stated that she mailed the Appellants the documents,
including the Guaranty Agreement, which was three pages long.  She testified that she did not recall the
Appellants notifying her that two pages of the guaranty agreement were missing.  A review of her records indicated that the
three pages of the guaranty were mailed to the Appellants and there was no
indication of any fraud.








Don Melendez=s deposition was also read into the
record.  Mr. Melendez was the special
asset manager at the Bank when the transactions in question took place.  He testified that he was the person who
foreclosed on Missile Inn, Inc.  As to
the alleged fraud raised by the Appellants, specifically, that the first two
pages of the Guaranty Agreement were missing at the time they signed the
documents, and that the guaranty was suppose to be for $200,000 and not
$500,000, Mr. Melendez testified that he did not have any knowledge of
fraud occurring.  He testified that if
this had occurred, he would have alerted the president of the Bank.  He further testified as to a Memorandum
regarding the loan made to the Appellants. 
The Memorandum contained a section marked Guarantors, which had both Mr.
and Mrs. Harrell=s names,
which suggested to Mr. Melendez that two guaranties would be executed, one
by Mr. Harrell and one by Mrs. Harrell, and each would be for $500,000.

After examining
the evidence, we find that the trial court=s
finding that two guaranties were executed by the Appellants is not against the
great weight and preponderance of the evidence as to be manifestly unjust.  Issue Two is overruled.

In Issue Three,
Appellants challenge the admission of testimony they allege to be hearsay.  After a careful review of the record, we find
that Appellants have failed to preserve this issue for review.

A hearsay
objection is waived if it is not asserted in the trial court.  Campbell v. Salazar, 960 S.W.2d 719,
723 n.1 (Tex.App.--El Paso 1997, pet. denied). 
To preserve error when evidence is improperly admitted, a party must
object to the evidence offered.  Bushell
v. Dean, 803 S.W.2d 711, 712 (Tex. 1991); Clark v. Trailways, Inc.,
774 S.W.2d 644, 647 (Tex. 1989).  We do
not reach the issue of whether improperly admitted evidence is reversible error
unless the party asserting error preserved the complaint on the admission of
the evidence.  Clark, 774 S.W.2d
at 647.  Unobjected‑to hearsay
testimony is not denied probative value merely because it is hearsay. Tex.R.Civ.Evid. 802.  








In this case,
Appellants do not point to any place in the record where they objected to the
testimony complained-of on appeal.  We
have not found any objection to such testimony. 
In failing to object to the admission of such evidence, Appellants have
failed to properly preserve their complaint. 
See Bushell, 803 S.W.2d at 712; Clark, 774 S.W.2d at
647.  Therefore, we overrule Appellants= Issue Three.

In Issue Four,
Appellants challenge the exclusion of evidence on the foreclosed property=s value.  Appellants argue that the order in limine
should not have excluded evidence of the foreclosed property=s value.  Appellee argues that there was no abuse of
discretion because the trial court was not faced with making such an
evidentiary ruling.  In Issue Five, the
Appellants contend that the trial court abused its discretion in permitting testimony
which contained leading questions, which suggested the right answers to the
questions with regard to whether the guaranty amount was $500,000 or $200,000.

A trial court
abuses its discretion if it acts without reference to any guiding rules and
principles, in other words, the court=s
act is arbitrary or unreasonable.  See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).  The mere fact that a trial court may decide a
matter within its discretionary authority in a different manner than an
appellant court in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Downer,
701 S.W.2d at 242.

The Appellants do
not provide a record cite where there was an attempt to introduce evidence
regarding the fair market value of the property.  After a review of the record, we find no such
attempt.  Therefore, the Appellants have
failed to properly show the trial court=s
abuse of discretion.  See Tex.R.Evid. 103(a)(2).  Likewise, in Issue Five, Appellants have not
provided any record cites which reflect the exclusion of such evidence or the
objection to such evidence being introduced. 
Appellants have simply failed to show any abuse of discretion on the
trial court=s
part.  We therefore overrule Issues Four
and Five.








We affirm the
trial court=s
judgment. 

 

August
4, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.











[1]
The trial court entered a judgment against Mr. Harrell in the amount of
$500,000 plus interest rate on the amount of 5 percent per annum from the date
of the judgment.  The trial court also
entered a judgment against Mrs. Harrell for the same amount and same interest
rate.