NO. 07-04-0414-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 28, 2005



______________________________




IN THE MATTER OF THE MARRIAGE OF


JACKIE LEE STEIN AND CRAIG HARLAN STEIN


AND IN THE INTEREST OF 


BROOKE LEE STEIN AND TYLER WAYNE STEIN, CHILDREN



_________________________________



FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;



NO. 02-11-3757; HONORABLE STEVEN EMMERT, JUDGE



_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.



 OPINION



 Following a hearing on a motion to enter new orders, Jackie L. Stein challenges the
order signed July 12, 2004, appointing Craig H. Stein sole managing conservator of their
children and designating Craig with the exclusive right to establish the primary residence
of the children and ordering her to pay child support. Presenting two issues, Jackie
contends the trial court erred when (1) it rendered its order on the appointment of sole and
possessory conservators without considering any evidence since the hearing on February
28, 2003, and (2) it rendered its order on the appointment of sole and possessory
conservators after she had filed her request for a jury trial. We reverse and remand in part
and affirm in part.

 By opinion and judgment dated January 30, 2004, we reversed and remanded the
decree of divorce following a non-jury trial only to the extent that it affected conservatorship
of the children. Jackie filed a request for jury trial on April 8, 2004. (1) Craig filed a motion
to render new judgment and brief in support thereof on April 27, 2004, which was followed
by Jackie's response on May 6, 2004. At a non-evidentiary hearing, the trial court heard
argument from both parties on Craig's motion to render judgment. Following a recess,
after stating the court had erred in its interpretation of the phrase "history of family violence"
upon the first trial, and upon consideration of all the evidence presented in the original trial,
it announced the prior order would be modified. Accordingly, the court signed an order
consistent with its announcement that Craig be named sole managing conservator and
Jackie be named possessory conservator with rights of access pursuant to a standard
order and also ordered Jackie to pay child support. Jackie filed a motion for
reconsideration. Before we consider our analysis of Jackie's issues, we first address the
status of the proceeding upon the partial remand to the trial court. 


Status on Remand 


 Rule 43.2 of the Texas Rules of Appellate Procedure provides in part that a court
of appeals may:

 affirm the trial court's judgment in whole or in part; and

 reverse the trial court's judgment and remand for further proceedings.

See Tex. R. App. P. 43.2(a) & (d). Generally, when an appellate court remands a case for
further proceedings, the effect is to remand the case for a new trial on all the issues of fact
and the case is reopened in its entirety. Gordon v. Gordon, 704 S.W.2d 490, 491
(Tex.App.-Corpus Christi 1986, writ dism'd). Also, when an appellate court remands a
case and limits a subsequent trial to a particular issue, the trial court is restricted to a
determination of that particular issue. Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 
1986). See also Hansen v. Academy Corp., 961 S.W.2d 329, 331 (Tex.App.--Houston [1st
Dist.] 1997, no writ). Accordingly, our reversal of the portion of the trial court's judgment
relating to conservatorship, possession, and child support completely nullified and left it as
if it had never been rendered. Flowers v. Flowers, 589 S.W.2d 746, 748 (Tex.Civ.App.--Dallas 1979, no writ). Based on our judgment, questions regarding the parent-child
relationship were remanded for new trial. See Tex. R. App. P. 43.2(d). See also Tex.
Fam. Code Ann. § 6.406.

 Addressing Jackie's issues in a logical rather than sequential order, we first consider
issue two by which she contends the trial court erred when it rendered its order on the
appointment of sole and possessory conservators after she had filed a request for a jury.
We agree.

 After Jackie filed a request for a jury trial, Craig filed a motion to render new
judgment in accordance with our opinion and mandate. By the motion, he requested the 

 Court reconsider its prior ruling and render a modified final decree naming
Craig Harlan Stein as sole managing conservator of the minor children made
the basis of this suit. No further testimony is needed or required for the
reasons set forth in the accompanying brief.


 By his brief, he argued (1) the remand did not require a new trial and (2) application
of the remand instructions allowed for rendition of new judgment contending, among other
things, that the mandate did not direct "that a new trial on the merits is required." 

 Responding to Craig's motion, Jackie:


 alleged she had paid a jury fee and requested determination of the
issues by a jury; 

 alleged the evidence presented at the first trial was not current, in that
it was presented approximately 14 months prior to Craig's motion;


 


 alleged there had been significant developments affecting the children
since the prior evidence was presented; and

 requested an evidentiary trial. 


 In opposition to Jackie's response and request for a jury trial, Craig focused his
argument on the public policy of avoiding additional litigation, the need for stability of the
children, and judicial economy. However, he did not challenge Jackie's right to a jury
determination of the issues.

 The trial court called Craig's motion to render judgment for hearing on June 3, 2004.
Although the reporter's record indicates "Trial on Merits," the record consists of arguments
by counsel for both parties. After taking a recess, the trial judge returned to the bench and 
without giving counsel an opportunity to present additional matters, announced that
considering the evidence presented at the original trial, and the opinion of the Court of
Appeals, his interpretation of the phrase "history of family violence" was in error. Further,
he announced it was in the best interest of the children that Craig be named sole managing
conservator of the minor children.

 On June 23, 2004, Jackie filed a motion to reconsider arguing, among other things,
she had paid a jury fee and requested an evidentiary trial. However, the motion was
followed by the trial court's order appointing Craig sole managing conservator and Jackie
possessory conservator.

 Section 6.703 of the Texas Family Code provides that either parent is entitled to a
trial by jury. Following our opinion, Jackie promptly filed a jury deposit. Jackie's failure to
request a jury trial upon the first trial does not bar her right to a jury trial on remand. See
Harding v. Harding, 485 S.W.2d 297, 299 (Tex.Civ.App.--San Antonio 1972, no writ).

 Craig does not question a parent's right to a jury trial in a suit affecting the parent-child relationship. Instead, he contends Jackie's complaint was not preserved for review. 
Pleadings frame the issues for determination. Murray v. O & A Express, Inc., 630 S.W.2d
633, 636 (Tex. 1982). Although issues not raised in pleadings or at trial may not be raised
for the first time on appeal, see State of Cal. Dept. of Mental Hygiene v. Bank of Southwest
Nat. Ass'n, 163 Tex. 314, 354 S.W.2d 576, 579 (1962), Jackie raised her request for a jury
trial by written response. Although Jackie's response was not designated as an answer
or other pleading, considering its substance, allegations and evident purpose, see Hoover
v. Gregory, 835 S.W.2d 668, 671 (Tex.App.--Dallas 1992, writ denied), for these purposes,
we hold that her request for jury trial was presented to the trial court. 

 Craig further contends the trial court did not rule on Jackie's request as required by
Rule 33.1(a)(2). However, Craig overlooks the provision of 33.1(a)(2)(A) which provides
that a ruling may be either expressed or implicit. As above noted, the request for jury trial
was presented in Jackie's response on file at the time of the hearing. Accordingly, the
court's announcement at the close of the hearing and rendition of the order constituted an
implicit adverse ruling of Jackie's request for a jury trial. See In Re Z.L.T., 124 S.W.3d
163, 165 (Tex. 2003) (holding that by proceeding to trial without issuing the requested
bench warrant, it was clear the trial court implicitly denied the request).

 We have not overlooked Craig's argument that Jackie's complaint was not
preserved because she did not file a motion for new trial. However, a motion for new trial
is not a prerequisite to a complaint on appeal except in the instances provided in Rule
324(b) of the Texas Rules of Civil Procedure. Issue two is sustained. Our disposition of
issue two pretermits consideration of issue one. 

 Accordingly, that portion of the trial court's judgment signed July 12, 2004, relating
to conservatorship, possession, and child support is reversed and the cause is remanded
to the trial court for a new trial and further proceedings. In all other aspects, the judgment
of the trial court is affirmed.

 Don H. Reavis

 Justice





1. See In Re Marriage of Stein, 153 S.W.3d 485 (Tex.App.--Amarillo 2004, no pet.).