**Affirmed and Memorandum Opinion filed July 24, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-10-01052-CV

### LISA OGDEN, STEVEN GAYLE, AND WAYNE WESTBROOK, Appellants/Cross-Appellees

### V.

### KENNETH RYALS AS MANAGING TRUSTEE OF EAST TEXAS INVESTMENT TRUST, Appellee/Cross-Appellant

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2007-63116**

## M E M O R A N D U M   O P I N I O N

Lisa Ogden, Steven Gayle, and Wayne Westbrook (collectively "Appellants"), purported beneficiaries of the East Texas Investment Trust, sued Kenneth Ryals, who was acting as a trustee of the trust. Ryals sought a declaratory judgment and asserted a counterclaim against Ogden for conversion of trust property. The jury found in favor of Ryals, and the trial court signed a judgment in conformity with the jury's verdict. Both parties appealed. We affirm.

BACKGROUND

Pauline Westbrook created the trust. The original named trustees were Maxie Westbrook and Tammie Guinn. The trust corpus is real property located at 11747 Eastex Freeway in Houston, Texas. The property produces income in the form of rental payments.

Appellants sued Ryals claiming that Ryals breached the trust agreement by removing Maxie Westbrook and Guinn as trustees without their consent and without complying with terms of the trust. Appellants alleged that Ryals was not appointed as a replacement trustee in compliance with terms of the trust, and his actions on behalf of the trust were not authorized. Ryals filed a counterclaim against Ogden for conversion of rental payments owed to the trust. Ryals sought attorney's fees from Appellants for this case and reimbursement of other attorney's fees and ad valorem taxes from the trust.

A jury found in Ryals's favor, in particular finding that Maxie Westbrook and Guinn "removed themselves" as trustees of the trust "by commission of fraudulent activities." In Jury Question No. 6, the jury answered "no" to a question asking whether Maxie Westbrook and Guinn made Ryals a trustee of the trust "on or about October 24, 2002." The jury found that Ryals "was faced with an emergency in his efforts to protect the assets and real estate owned by [the trust] during the period of time he managed [the trust] from October 24, 2002 through the current date." The jury answered a number of questions affirmatively that named Ryals as trustee, and the jury found that Ryals substantially complied with terms and conditions of the trust agreement "while acting as Trustee."

The jury also found that Ogden "converted rentals from the property located at 11747 Eastex Freeway" in the amount of $18,000. The jury found that Ogden acted with malice and assessed punitive damages of $16,500.

The jury found that a reasonable and necessary attorney's fee for Ryals in this case for preparation and trial was $60,000. The jury awarded no fees for an appeal to the

court of appeals or Texas Supreme Court. The jury found that the trust should reimburse Ryals for "expenses he advanced, debts he incurred, or monies or fees he is owed" by the trust, including $100,000 of additional reasonable and necessary attorney's fees incurred.

The trial court signed a judgment on the jury's verdict, and both parties appealed.

## ANALYSIS

In five issues, Appellants contend that the trial court erred by denying their motion for judgment notwithstanding the verdict because there is (1) a material conflict in the jury's answers to questions in the charge; (2) legally insufficient evidence that Ogden converted rentals from the property located at 11747 Eastex Freeway; (3) legally insufficient evidence of conversion or actual damages of $18,000; (4) legally insufficient evidence of punitive damages according to the definition of conversion or malice in the jury charge; and (5) legally insufficient evidence of attorney's fees in the amount of $160,000.

Ryals contends the trial court erred by failing to award appellate attorney's fees in the amount of $30,000 for an appeal to this court and $12,000 for an appeal to the Texas Supreme Court.

We conclude that the jury's answers do not conflict, and all other appellate issues have been waived due to inadequate briefing. Moreover, to the extent it is possible to address the merits, the issues are not sustainable.

## I.    Conflict in the Jury's Verdict

Appellants contend that the jury's "no" answer to Jury Question No. 6, which asked whether Maxie Westbrook and Guinn made Ryals a trustee on or about October 24, 2002, conflicts with answers in which the jury found that Ryals was acting as "trustee." Ryals argues that Appellants have waived this issue by failing to raise the issue in the trial court before the jury was discharged, and regardless, the jury's answers to these questions do not conflict.

Assuming for argument's sake that error was preserved, Appellants' contention

3

lacks merit. "[T]he threshold inquiry is whether the findings are about the same material fact." *Jabri v. Alsayyed*, 145 S.W.3d 660, 668 (Tex. App.—Houston [14th Dist.] 2004, no pet.). "When the questions are amenable to more than one reasonable construction, we adopt the construction that avoids conflict." *Id.* We may not strike jury answers "if there is any reasonable basis upon which they can be reconciled." *Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 695 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Answers are in fatal conflict if "'one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant.'" *Id.* (quoting *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 206, 222 S.W.2d 985, 991 (1949)).

There is no conflict among the jury's answers because Question No. 6 asked whether Maxie Westbrook and Guinn made Ryals a trustee "on or about October 24, 2002." The jury's negative answer to this question does not preclude a finding that Ryals was made a trustee of the trust on some other date. There is sufficient evidence in the record to support the jury's finding that Ryals was a trustee.

Ryals testified that Maxie Westbrook and Guinn appointed him trustee of the trust. Ryals also said this appointment was recorded in the minutes of the trust — specifically, Minute No. 11. This minute includes three entries. The first appoints Ryals as "manager" of the trust, is signed by Maxie Westbrook and Guinn, and is dated October 24, 2002. The second entry states that Ryals accepted the office of "manager" of the trust; it is signed by Ryals and dated October 24, 2002. The third entry states that Maxie Westbrook and Guinn "requested Kenneth Ryals to take their names off" the trust, which "effectively left Kenneth Ryals as the Managing Trustee." This third entry is signed by Kenneth Ryals as "managing trustee," but there is no date by the signature.

Given the testimony and documentary evidence adduced at trial, a reasonable basis for reconciling the jury's findings is that Ryals was appointed as a trustee on some date other than "on or about October 24, 2002." It is a reasonable construction that the jury found Ryals was a trustee of the trust, but the jury did not find this appointment occurred

"on or about October 24, 2002." The jury's "no" answer to Question No. 6 does not require a judgment in Appellants' favor.

Appellants' first issue is overruled.

## II. Briefing Waiver

An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). An appellant's failure to comply with this rule may result in waiver of issues on appeal. *See, e.g.*, *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

In Appellants' second through fifth issues, Appellants provide no clear or concise argument for their contentions about the lack of legally sufficient evidence to support the trial court's judgment. The "argument" for each issue is presented as a reiteration of the issue statement with several sentences describing the standard of review for factual sufficiency. The only authorities cited in Appellants' brief for these issues provide the standard for a factual sufficiency review.[1] The only citations to the record in these issues are citations to the trial court's judgment and the jury questions; the argument section contains no citations to the reporter's record or to any evidence. In their statement of facts, Appellants limit their citations to the record to Appellants' petition, the trial court's judgment, the jury's verdict, and various post-judgment motions and responses.

Similarly, Ryals's argument concerning appellate attorney's fees contains no citations to the clerk's or reporter's record. Ryals also fails to identify any statute or

---

[1] The following sentences are repeated for Appellants' issues two through five and consist of the only authorities cited therein:

> An assertion that evidence is factually insufficient to support a finding means that the evidence is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered. *Garza v. Aliviar*, 395 S.W.2d 821, 823 (Tex. 1965). The court is required to consider all of the evidence in the case in making the determination of factual insufficiency, not just the evidence that support[s] the finding. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998), *cert. denied*, 525 U.S. 1017, 119 S. Ct. 541, 142 L. Ed. 2d 450 (1998).

5

contract provision that might support his claim for attorney's fees.

In light of the substantial noncompliance with briefing rules, Appellants have waived issues two through five and Ryals has waived his issue concerning appellate attorney's fees.

Nonetheless, briefing rules should be construed liberally, and "appellate courts should reach the merits of an appeal whenever reasonably possible." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008); *see also* Tex. R. App. P. 38.1(f); Tex. R. App. P. 38.9. To the extent reasonably possible, we will address the parties' contentions with reference to their pleadings and post-judgment motions in the trial court. *Cf. Daniels v. Empty Eye, Inc.*, No. 14-10-00115-CV, __ S.W.3d __, 2012 WL 1604837, at *3–4 (Tex. App.—Houston [14th Dist.] May 8, 2012, no pet. h.) (noting methods for preserving sufficiency challenges and reviewing a post-judgment motion to determine which issues were preserved).

## III.    Sufficiency of the Evidence for Conversion

Appellants argued in their motion for judgment notwithstanding the verdict that the jury charge included an incorrect definition of conversion, that rental proceeds cannot be a specific chattel as a matter of law, and that it was undisputed Ogden returned the money to the trust.[2]

Appellants do not contend that they objected to the definition of conversion in the jury charge. Consequently, any asserted error is waived, and we review the sufficiency of the evidence based on the charge actually given. *See, e.g.*, *Beck v. W. Houston Airport Corp.*, No. 14-09-00471-CV, 2010 WL 3168394, at *4 (Tex. App.—Houston [14th Dist.] Aug. 12, 2010, no pet.) (mem. op.) (sufficiency of the evidence measured against the definition of a term in the charge when there was no objection to that definition). Further, "rental proceeds may be the subject of conversion." *Am. Network Leasing Corp.*

---

[2] Ogden's contention that punitive damages could not be awarded rests entirely on the argument that there was no conversion as a matter of law.

*v. Corp. Funding Houston, Inc.*, No. 01-00-00789-CV, 2002 WL 31266230, at *15 (Tex. App.—Houston [1st Dist.] Oct. 10, 2002, pet. dism'd) (not designated for publication) (citing, *e.g.*, *Allied Bank v. Plaza DeVille Assoc.*, 733 S.W.2d 566, 572–73 (Tex. App.—San Antonio 1987, writ ref'd n.r.e.)).  Finally, Ryals testified that the trust did not receive $18,000 in rental proceeds that Ogden collected from a tenant on property owned by the trust; this issue was disputed, and the jury was entitled to believe Ryals.

Appellants' second, third, and fourth issues are overruled.

## IV.     Sufficiency of the Evidence for Attorney's Fees of $160,000

Appellants argued in their motion for judgment notwithstanding the verdict that the award of attorney's fees is not supportable because the fees were not segregated. Appellants failed to object to the testimony in support of Ryals's attorney's fees and failed to object to the jury charge, in which the jury was not asked to segregate fees. Therefore, Appellants waived this issue.  *See, e.g.*, *Cullins v. Foster*, 171 S.W.3d 521, 535–36 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing, *e.g.*, *Green Int'l Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997)).

Appellants' fifth issue is overruled.

## V.     Sufficiency of the Evidence for Appellate Attorney's Fees

In his sole appellate issue, Ryals argues the trial court erred by not awarding him appellate attorney's fees.  In his first amended answer and original counterclaim, Ryals asked the court to award him attorney's fees "under the Declaratory Judgment[s] Act and those provisions of the Texas Civil Practice and Remedies Code and/or Texas Property Code allowing an award of attorney's fees under a suit on contract or a trust."  *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 2008) (Uniform Declaratory Judgments Act attorney's fees provision); Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 2008) (attorney's fees for breach of contract); Tex. Prop. Code Ann. § 114.064 (Vernon 2007) (attorney's fees for suit under Texas Trust Code).

Attorney's fees for a successful appeal must be awarded to a party who is awarded

damages on a breach of contract claim if that party adduces evidence regarding a reasonable and necessary fee. *See DaimlerChrysler Motors Co. v. Manuel*, 362 S.W.3d 160, 198–99 (Tex. App.—Fort Worth 2012, no pet.) (remanding for determination of appellate attorney's fees because evidence was not conclusive); *End Users, Inc. v. Sys. Supply For End Users, Inc.*, No. 14-06-00833-CV, 2007 WL 2790379, at *6–7 (Tex. App.—Houston [14th Dist.] Sept. 27, 2007, no pet.) (mem. op.) (modifying judgment to include appellate attorney's fees because evidence was uncontested). This is true for breach of contract claims because attorney's fees are mandatory under Section 38.001 of the Civil Practice and Remedies Code. *See, e.g.*, *DaimlerChrysler*, 362 S.W.3d at 198–99; *End Users*, 2007 WL 2790379, at *6.

An award of attorney's fees under the Uniform Declaratory Judgments Act or Texas Trust Code, however, is discretionary. *See, e.g.*, *In re Lesikar*, 285 S.W.3d 577, 584 (Tex. App.—Houston [14th Dist.] 2009, no pet.). *See generally Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) (explaining that Tex. Civ. Prac. & Rem. Code Ann. § 37.009 affords trial courts with discretion but Tex. Civ. Prac. & Rem. Code Ann. § 38.001 does not). These statutes provide that a court "may" award reasonable and necessary attorney's fees that are "equitable and just." *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009; Tex. Prop. Code Ann. § 114.064; *In re Lesikar*, 285 S.W.3d at 584. The issue of whether attorney's fees are equitable and just is within the trial court's sound discretion. *Bocquet*, 972 S.W.2d at 21. A trial court "may conclude that it is not equitable or just to award even reasonable and necessary fees." *Id.*; *see also Trien v. Equity Real Estate, Inc.*, No. 08-99-00464-CV, 2001 WL 1383115, at *5 (Tex. App.—El Paso Nov. 8, 2001, no pet.) (not designated for publication) ("Submission of the question to the jury on the *amount* of attorney's fees does not divest the trial court of its discretion in deciding whether to *award* fees.").

Ryals contends on appeal that he conclusively proved the amount of reasonable and necessary appellate attorney's fees. Ryals does not contend the trial court clearly abused its discretion or that it would be inequitable or unjust not to award appellate

attorney's fees. The jury's verdict and trial court's judgment in this case do not indicate the statute that authorized the fees. Nor do these documents indicate Ryals was awarded damages for a breach of contract claim.[3] Thus, attorney's fees for this case could not have been awarded under Section 38.001, and appellate attorney's fees were not mandatory.

Attorney's fees could have been awarded only under one of the discretionary statutes. As here, a party may be awarded reasonable and necessary attorney's fees for preparation and trial but denied appellate attorney's fees under one of the discretionary statutes because such fees would not be equitable and just. *See City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 754–55 (Tex. App.—Fort Worth 2008, pet. dism'd) (affirming award of $0 for appellate attorney's fees when party was awarded $83,200 for preparation and trial); *see also Hansen v. Acad. Corp.*, 961 S.W.2d 329, 333–34 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) (affirming denial of appellate attorney's fees).

The trial court followed the jury's recommendation to award no appellate attorney's fees. Because Ryals has failed to show that the trial court acted unreasonably or arbitrarily, he has failed to demonstrate a clear abuse of discretion.

Ryals's sole issue is overruled

### CONCLUSION

Having overruled all of the issues on appeal, we affirm the trial court's judgment.

/s/ William J. Boyce
   Justice

Panel consists of Justices Seymore and Boyce and Senior Justice Mirabal.[4]

---

[3] For a party to be entitled to fees under Section 38.001(8), the party must recover damages on a breach of contract claim. *See, e.g.*, *Green*, 951 S.W.2d at 390.

[4] Senior Justice Margaret Garner Mirabal sitting by assignment.